Mackubin v. Clarkson.

CHARLES N. MACKUBIN, Appellant, vs. JAMES CLARKSON, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

If a party chooses to rely upon the promise of a witness to be in attendance, without subpenaing him, he does so at his own risk, and cannot on that ground claim a continuance if the witness does not keep his agreement.

The facts which a party proposes to show and expects to prove by the witness, should be set out in an affidavit for a continuance, so that the Court may judge of the materiality of the evidence.

When work is done under a special contract which has not been abandoned or rescinded by either party, but remains in full force, the action must be brought upon the contract, and not upon the common counts. But when a party is working for another under a special contract, and is discharged by the employer, without cause, he is at liberty to regard the contract as abandoned on the part of the employer, and to proceed to recover the value of his labor as though no special contract had existed. It is not necessary that he first make a demand for work, and the discharge throws upon the employer the burden of justifying it.

A verbal contract for the conveyance of real estate is absolutely void by the statute of frauds, and the objection may be taken by either party to the contract, although the other may have fully performed on his part. No demand or tender of a deed, by one party to the other for execution, would make him liable, as there was no legal obligation to fulfil the contract. But where both parties tried the cause, and the Court instructed the jury without objection, upon an erroneous theory that a demand was necessary, they will be deemed to have waived the objection, and a new trial will not be granted on account of the erroneous charge.

Points and authorities of Appellant:

*First.*—The Court below erred in denying the motion for continuance, and overruling the same.

The affidavit is sufficient. *Stat. Minn. p.* 558, *Sec.* 12.

*Second.*—The Defendant was entitled to a judgment upon the pleadings, and the District Court erred in denying the motion for judgment.

1. By the complaint and reply it appears that there was a special agreement between the parties by which the Plaintiff was to perform work and labor for the Defendant, to be paid for, a part in cash and a part in real estate. That in pursuance of said agreement Plaintiff performed the work, and

was paid in cash the amount he was entitled to, and has brought this suit for that portion for which he was to be paid in real estate. The Plaintiff should have brought his action upon the said agreement, to recover damages for an alleged breach. He cannot maintain his action on the " *quantum meruit*" for work and labor, unless he shows that the agreement has been abandoned and the contract rescinded. *See Burlingame vs. Burlingame*, 7 *Cow. Rep.* 92; *Langdale vs. Livingston*, 10 *John. Rep.* 36; *Clark vs. Smith*, 14 *John. Rep.* 326; 18 *John. Rep.* 456.

2. The agreement was not *void*—at most it was only *voidable* on the part of Defendant. There had been *part performance* by both parties under the agreement. The Plaintiff cannot treat it as *void* and thus commit a fraud upon the Defendant.

3. The Plaintiff having performed the work under and pursuant to the agreement cannot maintain an action, unless default of the Defendant is shown, without first having demanded a conveyance of the real estate, and *tendered* a *deed* of the same to the Defendant and *demanded* its execution. And there is no default on the part of Defendant, till he refuses to convey. All of which should appear in the pleadings. *Fuller vs. Hubbard*, 6 *Cow. Rep.* 13; 7 *Cow. Rep.* 53; *Green vs. Green*, 9 *Cow. Rep.* 46; *Carpenter vs. Brown*, 6 *Barb. Rep.* 147; *Lubweller vs. Linnell*, 12 *Barb. Rep.* 512; *Foote vs. West*, 1 *Denio Rep.* 546; 9 *John. Rep*, 127; *Raymond vs. Barnard*, 12 *John. Rep.* 274; *Robb vs. Montgomery*, 20 *John. Rep.* 15; *Hudson vs. Swift*, 20 *John Rep.* 27; *Sage vs. Ramsey*, 2 *Wend. Rep.* 532; *Hacket vs. Huson*, 3 *Wend. Rep.* 250; *Conelly vs. Pierce*, 7 *Wend. Rep.* 129; *Blood vs. Goodrich*, 9 *Wend. Rep.* 67; See also *Snow vs. Johnson*, 1 *Minn. Rep.* 48, and authorities there cited.

4. There was no demand alleged upon defendant to provide work, &c. and a refusal on the part of Defendant to furnish it. A *mere discharge* does not amount to a default, for it might have been but for a day or an hour.

See same authorities as above cited.

*Third.*—The Court erred in 'overruling the motion to set aside the verdict, and for judgment in favor of Defendant, notwithstanding the verdict.

Points and Authorities of Respondent.

*First.*—The affidavit for a continuance of the cause was fatally defective.

1. In not showing due diligence to procure the attendance of witnesses.

2. In not showing that the witnesses were material. The party cannot be permitted to judge of the materiality, that must be shown either by advice of counsel after a statement to him, of what the witnesses will testify to, or by stating in the affidavit what they will testify to so that the Court may judge of it.

*Second.*—The motion for judgment on the pleadings and notwithstanding the verdict, and for a new trial, were all properly overruled. Because,

The contract set up in the answer to convey the lot to Plaintiff was verbal, and within the statute of frauds and absolutely void; it could have no force to bind or affect in any way the rights of either party. To hold that an agreement absolutely void bound Plaintiff to make a demand for the lot would be a contradiction. If void it could have no effect whatever to bind either party. And if the agreement had been valid the Defendant having rescinded it and rendered it impossible for Plaintiff to perform, the Plaintiff was at liberty to abandon the special contract and sue on the *quantum meruit*.

On this point see *Green vs. Green*, 9 *Cowan*, 45; *Kidder vs. Hunt*, 1 *Pick.* 328; *Stewart vs. Travis, et. al.* 10 *Howard*, 153; *Liningdale vs. Livingston*, 10 *John.* 36; *Raymond et. al. vs. Bearnard*, 12 *John.* 274; *King vs. Brown*, 2 *Hill.* 485.

*Third.*—Admit that the Court erred in overruling defendant's motion for judgment on the pleadings, he cannot take advantage of such error : Because,

The parties and the Court on the trial of the cause as appears both by the evidence and the charge of the Court tried it on the theory that a demand was necessary. The Plaintiff without objection by Defendant proved the demand. The Court at Defendant's request, instructed the jury that they must find such a demand, before Plaintiff could have a verdict. By consenting to try the fact of demand the Plaintiff waived his objection that it was not pleaded.

See on this point, *Daniels et al vs. Smith*, decided at the last July (1860) term of this Court; *Coit vs. Waples et al* 1 *Minn.* 134.

H. L. Moss, Counsel for Appellant.

Wm. B. McGeorge, Counsel for Respondent.

*By the Court*—Atwater, J.—The first error alleged on the part of the Appellant, is the refusal of the Court below to grant a continuance on the affidavit of the Defendant. The affidavit stated that he (Defendant) had stated the facts in this case to H. L. Moss, Esq., his attorney, and that he is advised by his said attorney that he cannot safely proceed to trial without the testimony of August Hageman, who is a material witness in this action. That said Hageman had resided in St. Paul during the past year, and that since the commencement of the Court he had informed the Defendant that he would be ready at any time to attend and be present at the trial of the cause. That on the evening of the 3d of October the Deponent had sent to the residence of Hageman to have him in attendance before the Court, and was informed that within the last ten days he had gone to Memphis, Tennessee, and would be absent three months. The affidavit further stated, that relying upon the promises of the witness he had not subpenaed him, had no knowledge of his intention to leave, and expected to be able to procure his testimony at the next term, &c.

The affidavit also stated that one Kittel was also a material witness for the Defendant. That he had been absent from the State since the cause was at issue; that he had been

unable to ascertain his residence or whereabouts, but that he was expected to return to the State, and that Deponent expected to be able to procure his testimony at the next term of the Court. The affidavit did not state what was expected to be proved by either witness.

There was no error in the refusal to grant a continuance on this affidavit. There was no diligence whatever shown to procure the attendance of Hageman. If a party chooses to rely upon the promise of a witness to be in attendance, without subpenaing him, he does so at his own risk, and cannot, on that ground, claim a continuance if the witness does not keep his agreement. (*Beaulieu vs. Parsons*, 2 *Min.* 37.) The affidavit is also defective in not showing wherein the witnesses were material. The facts which the party proposes and expects to prove by the witnesses should be set out in the affidavit, so that the Court may judge of the materiality of the witness. The party himself is not to be the judge of the materiality of testimony. If this were so, there are probably few cases in which an adjournment would not be obtained, once at least, and perhaps many times. We are aware of no authorities which sustain a continuance on such an affidavit, and if there are any, they are entitled to little weight. The least that can be required on this point is, that the party should state that he has stated the facts which he expects to prove by his absent witnesses to his counsel, and that he is advised by his counsel that he cannot safely proceed to trial without the testimony of such witnesses. But the better and correct practice is as above stated, to set forth the facts in the affidavit, that the Court may be advised as to whether the testimony is necessary or otherwise.

The Defendant at the trial of the cause moved for judgment in his favor on the pleadings, which motion was denied by the Court. This ruling is now assigned as one ground of error. The action was brought to recover the sum of $253.30, due, as alleged in the complaint, for painting and painting materials. The Defendant in his answer set up a special contract between himself and Plaintiff, in substance claiming that the Plaintiff agreed to work for the Defendant for the price of two dollars per day, and to receive payment therefor

at the rate of one dollar per day in cash, and the balance of one dollar per day was to be applied towards the payment of a lot in St. Paul, which the Plaintiff then agreed to purchase of Defendant, at the price of $350, and that the Defendant agreed to pay for the same by giving two promissory notes of $175 each, one of which notes was to be paid by Plaintiff in labor at the rate of a dollar per day, and the other to be paid in five years. That the Plaintiff performed his labor in pursuance of this agreement, and that the Defendant was, and had always been, ready to perform on his part, &c. There were other allegations in the answer, which it is unnecessary to state.

The reply denied the special agreement set up in the answer, but admitted that there was originally a special agreement between himself and Defendant, whereby he agreed to work for the Defendant at the rate of two dollars per day, one half to be paid in cash and one half to be applied in payment of a lot which the Defendant agreed to sell him for the sum of $350, and that the Defendant agreed to furnish him sufficient labor, on the terms above stated, to pay for the lot, and denied any agreement to give notes. The Plaintiff alleges compliance with the agreement on his part until the Defendant, without just cause, and without any default on the part of Plaintiff, discharged him from work, and that the Defendant refused to comply with the contract on his part. These seem to be all the averments in the pleadings necessary to be noticed under the objections raised by the Appellant.

The Appellant urges that the Plaintiff should have brought his action upon the said agreement to recover damages for an alleged breach, and that he cannot maintain his action on the *quantum meruit* for work and labor, unless he shows that the agreement has been abandoned and the contract rescinded.

Where work is done under a special contract, which has not been abandoned or rescinded by either party, but remains in full force, the action must be brought upon it, and the Plaintiff cannot recover upon the common counts. This principle is too well settled to require argument or the citation of authorities.

The Plaintiff, in his reply, admits that there was a special

contract for the work, but alleges that the Defendant, without cause, discharged him from his employment. The Appellant claims that there should have been a demand alleged upon the Defendant to provide work, and a refusal by him to furnish it, and that a mere discharge does not amount to a default, as it might have been for a day or an hour. But we think the allegation sufficient to show a breach of contract on the part of Defendant, and that it throws upon him the burden of justifying it. The Plaintiff was at liberty to regard the contract as abandoned on the part of the Defendant by this act, and to proceed to recover the value of his labor as though no special contract had existed. It was not his duty after the discharge to go to the Defendant and demand work. If he could be required to make the demand once, he might, with the same reason, any number of times, and it would be difficult or impossible to define the limit of the Plaintiff's duty in this respect. The Defendant was not entitled to judgment on the pleadings, and the Court properly denied the motion.

There is another objection to both the special contracts mentioned in the answer and reply. They were verbal contracts for the conveyance of land, and absolutely void by the statute of frauds. Neither party could take anything under them, and this objection could be raised by either, although the Plaintiff might have fully performed on his part. No demand, or tender of a deed by Plaintiff to Defendant for execution, would have made the Defendant any more liable, as there was not, nor could not be, any legal obligation on him to fulfill the contract. The contract was an entirety, and if void in part, was void in toto. The objection, therefore, that a demand for a deed of the lot by the Plaintiff, and a refusal on the part of the Defendant, was necessary to entitle the Plaintiff to recover, is not well founded.

It would appear, however, from the testimony and charge of the Court, that the action was tried on the theory that a demand of a deed on the part of the Plaintiff was necessary. And it seems that the Plaintiff testified, (without objection on the part of the Defendant,) that he had made a demand of the Defendant for a conveyance of the lot in question. And the Defendant asked the Court to charge the jury, "that if

they find the work was done by Plaintiff under a parol agreement, to be paid for in a lot of land, that he cannot recover for his work and labor until he has made a demand for the conveyance of the lot, and a refusal to convey." The Court charged as requested. The Court also further charged substantially to the same effect, though in different terms, precisely as requested by the Defendant. On this ground, therefore, the Defendant has not been prejudiced by the evidence or charge of the Court.

The judgment below is affirmed.