## SHORTER, PAPOT & CO. *vs.* HIGHTOWER.

[ACTION ON ACCOUNT.]

1. *Copartnership; when can not be sued for debts of old firm, a portion of the partners of which, constitute new firm.*—A new firm, though composed entirely of a portion of the members of a former partnership which is dissolved, can not be sued jointly in their firm name for the liabilities of the old firm.

2. *Same; when appeal from justice court may be tried.*—There is no error in trying an appeal from a justice at the first term of the circuit court, after the day set for its hearing, though other cases not reached precede it on the docket.

3. *Damages allowed in case of appeal for delay; how assessed.*—The damages allowed by section 2774 of the Revised Code in appeals from justices, when taken for delay, must be imposed by the court, not by the jury,

APPEAL from the Circuit Court of Barbour. Tried before Hon. J. McCALEB WILEY.

The facts are sufficiently stated in the opinion.

SEALS & WOOD, for appellant.
MORGAN, BRAGG & THORINGTON, contra.

B. F. SAFFOLD, J.—The suit being by the appellee, Hightower, against the appellants, Shorter, Papot & Co., the defendants objected to the introduction of an account against Shorter, Papot, Bradley & Co. as evidence. The objection was overruled.

The complaint recites, that "the plaintiff claims of the defendants, a firm composed of John Gill Shorter, S. N. Papot, W. T. Walthour, and T. I. Perkins, who are the survivors and successors of Shorter, Bradley, Papot & Co., a firm composed of the said individuals and one Bradley, who has retired from the same, and who is not sued in this action, one hundred dollars, due from them by account," &c. "Also, the further sum of one hundred dollars, for work and labor done for the defendants, at their request," &c.

Technically, there is no succession in partnership, nor survivorship, except in case of the death of one or more of the partners. A successor is he that followeth or cometh in another's place. A survivor is he that remaineth alive after others be dead.—Jacob's Law Dict. At the common law, it was necessary to sue all the partners, notwithstanding each one was liable for the whole debt.—1 Chit. Pl. 42. The withdrawal of one member of a firm dissolves the partnership; and the continuance of the other members is the formation of a new partnership.

Section 2538 of the Revised Code, in authorizing any one of their associates or their legal representatives to be sued for the obligation of all, did not change the law of partnership, or alter the rule of pleading further than is simply expressed. The liability of such partner for the joint obligation of all was made enforceable at law. If a new firm,

though composed entirely of a portion of the members of an old firm, can be sued jointly in their firm name for the liabilities of the old firm, because each one is liable to pay them, then a service of the summons upon one only would authorize a judgment against all, to be satisfied out of their joint property. Besides, the second partnership is a new thing, though composed out of the old elements, and is not the promissor. ·The account received in evidence was not admissible to prove either the first or second count of the complaint.

The case was originally brought before a justice of the peace, and brought by appeal to the circuit court. It was tried after the day set for it, but before other cases which preceded it on the docket were reached, and it was left to the jury to determine whether the appeal was taken for delay.

There was no error in calling the case for trial at the time it was done.—Rev. Code, §§ 2660, 2772; *Womack v. Bookman*, 34 Ala. 38. The fifteen per cent. damages, authorized by section 2774 of the Revised Code to be assessed in cases of appeal from justices, when taken for delay merely, must be imposed by the court, and not by the jury. If it were assigned to the jury, the intention of the appellant would govern their finding, whereas the true question is, the reasonable ground of the appeal, in law, without particular reference to the intention.

The judgment is reversed, and the cause remanded.