## HENRY C. CAMPBELL v. A. H. BLANKE, et al.

1. LACHES; WITNESS; *Application for Continuance.* A party who relies upon the promise of a witness residing in a county other than that in which the case is pending, to be personally present at the trial, and makes no effort to obtain his deposition, does so at his peril, and if such witness fails to attend, cannot ordinarily have a continuance on account thereof.

2. PLEADING; *Allegation of Partnership.* A bill of particulars in the name of certain parties plaintiffs as partners, which describes them as partners, and alleges that by their firm-name, giving it, they drew a draft upon the defendant, which he accepted, and attaches a copy of the draft with the acceptance indorsed thereon, and also alleges that the defendant has not paid the same, and that it is now due said plaintiffs, is sufficient, even though there be no distinct and formal averment that the plaintiffs were partners.

*Error from Labette District Court.*

ACTION brought by "August H. Blanke, Henry W. Blanke, August Hausman, and Frederick W. Blanke, co-partners,

doing business under the name of Blanke & Bros., plaintiffs, against Henry C. Campbell, defendant." The plaintiffs had judgment at the March Term 1873 of the district court, and the defendant brings the case here. The facts, as regards the questions decided, are stated in the opinion. No briefs on file.

*Ayres & Fox*, for plaintiff in error.

*F. A. Bettis*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on a bill of exchange brought first in a justice's court, and thence taken on appeal to the district court of Labette county, in both of which courts defendants in error obtained judgment for the amount of the bill and interest. Plaintiff in error insists that the district court erred in overruling his application for a continuance on the ground of absent testimony. We think not. The testimony was that of a witness residing in Cherokee county. The deposition of this witness was not taken, nor any effort made to take it. The affidavit alleges that the witness agreed to be present, but failed, as affiant was informed and believed, on account of sickness. This is not a showing of sufficient diligence. The law will not compel the attendance of a witness from an adjoining county. His attendance is purely voluntary, and a party relies upon such voluntary attendance at his peril. At least such is the general rule, and this case presents no exception. (*Ed. Association v. Hitchcock*, 4 Kas., 36.)

Again, the plaintiff in error insists that the bill of particulars did not contain a statement of facts sufficient to constitute a cause of action. The specific objection is, that there is no formal allegation of the partnership of the plaintiffs. The bill of particulars is entitled "A. H. B., H. W. B., A. H., and F. W. B., co-partners, doing business under the name of Blanke & Bros., plaintiffs," etc. It commences with a like recitation, and alleges

1. Witness; laches of party.

2. Pleading; allegation of partnership.

that the "plaintiffs by the name of Blanke & Bros. made their certain bill of exchange," etc., alleges the acceptance of such bill by the defendant, and attaches a copy, and also alleges that defendant has not paid the same or any part of it, and that the same is now due said plaintiffs. We think this is sufficient precision and formality for the pleadings of a justice's court at least. (Civil Code, § 123; Justices Act, § 84.) The judgment will be affirmed.

All the Justices concurring.