CHARLES TUCKER & L. B. ROCK, *Partners*, *&c.*,
v. ALBERT GARNER.

1. DILIGENCE IN PROCURING TESTIMONY; *Laches; Continuance.* Where two persons are sued as partners, and the head of the firm voluntarily leaves the state and goes beyond the jurisdiction of the court, without leaving any deposition containing his testimony in the case, and then shifts from place to place so rapidly that his deposition cannot be taken, and is thus absent when the case is called for trial, although it was up to that time expected that he would return in time for the trial, and be present at the trial, and no reason is given why he has not returned, and his testimony is material in the case, and the defendants make an application for a continuance on the ground of the absence of his testimony, and in their affidavit set forth the foregoing facts, and the court overrules the application, *held*, not error; that no sufficient diligence was exercised to procure the absent testimony.

2. EVIDENCE, *Not Erroneously Admitted.* Where a settlement is to be final upon condition that O. shall say a certain thing, and not final if he shall say otherwise, and afterward O. makes his statement with reference to the matter, and the plaintiff then commences an action, in which action he wishes to avoid the settlement, it is not error for the court to admit evidence to show what O. in fact said, after the settlement, upon the subject.

3. ———— Where a settlement is final, except as to one particular, it is error to treat it as not final in other particulars.

*Error from Reno District Court.*

FEBRUARY 14, 1880, *Garner*, as plaintiff, recovered a judgment against defendants *Tucker* and another, who bring the case here. The two special instructions (mentioned in the opinion, *infra*) which the defendants asked for and the court refused, are as follows:

"1. The contract between plaintiff and defendants was not finished and was not complete enough to fix liability on either party, until not only the items of lumber or quantity was agreed upon and understood, but also the price of the same was agreed upon.

"2. If the plaintiff gave to defendants the items of the bill of lumber he desired, and omitted the windows by accident or mistake; or, if plaintiff in fact gave the windows to defendants as an item, and defendants omitted by accident or mistake to put them down in the bill on which he figured, and from which he fixed the price for the bill, and as a matter of fact the windows were not figured on and computed by defendants in fixing and giving the price for the lumber, then defendants are not liable."

The facts are sufficiently stated in the opinion.

*Whiteside & Campbell*, for plaintiffs in error.

*McKinstry & Scheble*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by Albert Garner against Charles Tucker and L. B. Rock, partners as Tucker, Rock & Co. The plaintiff claimed judgment for $24, and succeeded in obtaining judgment in the court below for $14.75 and costs. The defendants now, as plaintiffs in error, claim that this judgment is erroneous, or at least excessive to the amount of seventy-five cents. They claim that no judgment should have been rendered against them, or, at most, a judgment for only $14. The principal facts of the case are as follows:

Garner purchased a bill of lumber of Tucker & Rock, for which he was to pay $200. Garner claimed that Tucker & Rock were to furnish six windows, which were to be included in the bill; which windows were never furnished. Four of these windows were rated, as Garner claims, at $2.50 apiece, and the other two windows at $2 apiece, making a total of $14. The plaintiff also claimed $10 damages for other supposed breaches of the contract, making the whole amount claimed $24. The defendants, Tucker & Rock, claimed

that the windows were not included in the contract. Afterward the parties had a settlement, which was made between Garner and Charles Tucker. Tucker deducted $5.92 from the bill on account of some supposed insufficiencies in the quality of the lumber, and Garner then paid the balance of the $200. The defendants claim that this settlement was final, but the plaintiff claims that it was final only upon a contingency, and that contingency was, whether Oscar Olmstead, the plaintiff's carpenter, who made out the bill of lumber, should say that the windows were included in the bill. Afterward the plaintiff saw Olmstead and asked him about the windows, and Olmstead said that they were included in the bill. Plaintiff then claimed that the defendants should pay him for the windows, or rather, that they should return to him the money which he had paid to them for the windows. They refused, and he then brought this action to recover said money and for damages. When the case was called for trial in the court below, the defendants moved for a continuance, and filed an affidavit of A. Tucker, an agent of the defendants, in support of their application; it does not appear that either of the defendants was personally present. The application for the continuance was made for the purpose of procuring the testimony of the defendant, Charles Tucker, who was then absent. The affidavit shows that his testimony was material, and the only question for the court to determine was, whether due diligence had been used to obtain his testimony. That portion of the affidavit which tends to show diligence reads as follows:

"A. Tucker, being first duly sworn, says that he is the duly authorized and empowered agent of the defendants; that the defendants cannot safely go to trial in the above-entitled cause for want of material testimony, viz., that of Charles Tucker, a material witness and one of the members of the firm of defendants; that said Charles Tucker has been and is now absent on a trip to Michigan, on important and urgent business, and is now on his way back to attend this court; that defendants did not subpena him for the reason he was beyond the jurisdiction of this court, and defendants

could not take his deposition, for the reason that he shifted himself from place to place after his departure from here so rapidly that it was impossible to serve notice with any certainty; that said witness was to have been here by this time to attend this suit, and so wrote defendants, but for some reason unknown to defendants is detained and belated; that said Charles Tucker is not absent, or his testimony, on account of any fault or want of diligence on the part of defendants; that he lives at Nickerson, Kansas, and his testimony can be procured at the next term of this court, and within reasonable time."

I. We do not think that the court below erred in overruling this application for a continuance. No sufficient diligence was shown to procure the absent testimony. It was the testimony of one of the two defendants that was wanted. This absent defendant was half the firm, and the head of the firm that was sued. He voluntarily left the state and went beyond the jurisdiction of the court without leaving his deposition, and then "shifted from place to place . . . so rapidly" that his deposition could not be taken; and then gave no reason why he was not back in time to attend the trial; and what the reason was, is not yet known. No sufficient diligence was shown to authorize a continuance. (*Campbell v. Blanke,* 13 Kas. 62; *Swenson v. Aultman,* 14 Kas. 273; *Wilkins v. Moore,* 20 Kas. 538.)

II. We do not think that the court below erred in admitting the testimony of the plaintiff as to what Oscar Olmstead said. Said settlement between the parties was to be final in all respects, unless Olmstead should say that the windows were included in the bill of lumber; and if he should say that they were included in the bill, then the settlement was not to be final with regard to the windows; and hence it was necessary not only to ascertain what he might say about the matter, but it was also necessary to prove on the trial what he in fact did say on the subject; and it was shown on the trial, by the said testimony of the plaintiff, that he did say that the windows were included in the bill. This evidence was not introduced for the purpose of proving the fact that the windows were in-

cluded in the bill, but only to show what Olmstead said about it, and thereby to show that the settlement between the parties was not in fact final. Oscar Olmstead himself was introduced as a witness to prove the other fact, that the windows were in fact included in the bill; and he so testified. Other witnesses were also introduced to testify with reference to this same subject.

III. We do not think that the court below erred in refusing to give the special instructions numbered 1 and 2. The only question for the jury to determine (aside from the measure of damages) was, whether the windows were in fact included in the bill of lumber, or not. And upon this question the court instructed the jury sufficiently. Among other instructions, the court gave the following:

"There is but one question of fact for you to determine: Were the windows figured in the bill of lumber purchased by plaintiff of defendants? If they were, defendants are liable; if they were not, defendants are not liable for their value. The burden of proof is on plaintiff, and the measure of damages, if you find for plaintiff, will be the value of the windows."

IV. We think, however, that the court below erred in allowing evidence to be introduced with reference to other damage than that pertaining to the windows, and in giving the following instruction:

"Plaintiff also claims other damages for breach of contract, and there is no dispute as to the seventy-five cents."

The settlement between the parties was, under the evidence, conclusive and final, except as to the windows; and this seventy-five cents for other damages should not have been allowed. The jury, however, under the evidence and this instruction of the court, allowed said seventy-five cents, and the court rendered judgment therefor. In this we think there was error.

V. We do not think that the court below erred in urging the jury to agree upon a verdict.

With the consent of the defendant in error, plaintiff below, the judgment of the court below will be modified by reducing

it seventy-five cents, and making it a judgment for just $14 and costs; and the costs of this court will be equally divided between the parties. Otherwise, the judgment will be affirmed.

All the Justices concurring.