ALLEN BLACKBURN v. THE STATE.

No. 3003.   Decided May 17, 1905.

**Assault to Murder—Continuance—Corroborating Testimony.**

Where the defendant applied for a continuance on account of the absence of two disinterested witnesses whose testimony was material and would have corroborated that of himself and wife and contradicted the State's testimony, in a prosecution for assault with intent to murder, due diligence having been shown to procure their attendance, the application, which was the first, should have been granted.

Appeal from the District Court of Nacogdoches. Tried below before Hon. Jas. I. Perkins.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder. When the case was called for trial an application for continuance was overruled. This is presented for revision. It was the first application. By the two absent witnesses, A. J. Kinney and his wife, Etta, it was expected to be shown that they had spent the night at the residence of appellant prior to the shooting the following morning; that early on the morning of the difficulty the wife of the alleged assaulted party, Mrs. Della Rawlinson, was sent by her husband to defendant's house, to inform him (appellant) that one of his steers was in Rawlinson's field; that if he did not come and "get it out mighty quick" he would kill both the steer and its owner. Appellant remarked "all right," got his gun, started towards the field, where he had been informed the steer had broken in, and after he had been gone a few moments, she (Etta) heard the alleged injured party Rawlinson, say, "Yonder is the damn son of a bitch, get me my gun, and I will kill him now." That immediately after hearing this statement, she heard the report of a gun from the house of Rawlinson and heard the report of another from the defendant's field, and in the direction in which appellant had gone, and that the first shot was fired from the house of Frank Rawlinson. The same facts were expected to be proved by A. J. Kinney, except it is not alleged that he heard the remark made by Rawlinson when calling for his gun. Appellant and his wife testified practically to this testimony. The theory of appellant seemed to have been that, on account of previous troubles between himself and the alleged assaulted party, this message was sent by Rawlinson through his wife to induce appellant to come down in his field near the residence of his antagonist, for upon reaching

the point where the difficulty occurred, he ascertained the fact that the steer was not in the field but was outside, and when within about one hundred and twenty-five yards of Rawlinson's residence, Rawlinson opened fire on him. The State's theory was that appellant fired the first shot. The uncontroverted evidence is, that appellant fired four shots, and Rawlinson seven. The continuance should have been granted. It was the first application. The absent witnesses are not shown to have been in any way related to appellant, and in the attitude the case was presented he had to rely upon the testimony of himself and wife. Of course, the jury would naturally look at it from the standpoint of personal interest in passing upon the testimony of appellant and his wife. This would hardly apply to the testimony of disinterested witnesses. We will not discuss the sufficiency of the diligence, but think it is ample. The witnesses had been subpœnaed and had refused to obey the process without the consent of appellant.

For the refusal of the continuance, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*