DAN RANKIN v. THE STATE.

No. 86.   Decided October 27, 1909.

**Local Option—Continuance—Surprise—Postponement—New Trial.**

Where, upon trial of a violation of the local option law, the State's witness testified that certain persons were present at the sale of the alleged whisky, and witnessed the transaction, whereupon defendant made application for a postponement or a continuance of the case on account of surprise of the State's testimony, and that he expected to prove by the parties named by the State's witness that they were not so present and witnessed the transaction, which application was overruled, and it appeared in defendant's motion for new trial, by the affidavits of said persons named by State's witness, that neither of them witnessed the transaction as related by State's witness, a new trial should have been granted.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

Albert S. Phelps, for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of vio-
lating the local option law. The State's witness Ward testified that
he was in Sunset on the 25th of December, 1908, and was in George
Powell's light plant and Jack Rankin and Bob Davis were both
present while he was there; that appellant gave him a bottle of
whisky; that he gave somebody $1.25 for it but did not remember
whether he gave it to appellant or his brother Jack Rankin, but he
thought he gave it to appellant; that he had been drinking that day
and was drunk at the time. Dan Rankin testified that it is untrue
that he ever met Ward in George Powell's light plant and that it was
untrue that he ever sold him a bottle of whisky at any time. The
parties went to trial and when this state of case developed appellant's
counsel asked the court to permit him to withdraw his announcement
of ready for trial on account of the absence of two witnesses, Jack
Rankin and Bob Davis; that he was surprised at this testimony and
was unaware of what the witness Ward would testify as to the pur-
chase—the time and place, that he had gone to Ward and tried to
ascertain what his testimony would be to the end that he might pre-
pare his case for trial. Ward denied that appellant had gone to him
and asked him about the matter. Application for continuance or
postponement was made in which appellant states that he could prove
by these two witnesses that they were not present at the time and on
the occasion, and that no such transaction occurred. We are not
stating the details of the application. The application was over-
ruled and appellant convicted. As a part of the motion for new
trial the affidavits of Davis and Jack Rankin are attached to it as
exhibits. In these affidavits they swear most positively they were
not present in the town of Sunset in George Powell's light plant
and saw Dan Rankin or anybody else deliver to said witness a bottle
of whisky or brandy or any other kind of a bottle, nor did they
see Ward deliver to Rankin or anybody else a dollar or any other
sum of money. They further state that no such circumstance occurred
on December 25, 1908, or at any other time, and it is not true that
they were ever in George Powell's light plant at said time or any
other time when Ward and Dan Rankin were present. We are of
opinion that under the circumstances of this case this application
should have been granted. McNamee v. State, 97 S. W. Rep., 96;
Sessions v. State, 98 S. W. Rep., 243; Blackburn v. State, 48 Texas
Crim. Rep., 286, 87 S. W. Rep., 692; Gilford v. State, 76 S. W. Rep.,
692; Cravens v. State, 103 S. W. Rep., 921; Casey v. State, 51 Texas
Crim. Rep., 433, 102 S. W. Rep., 725; McKinney v. State, 55 S. W.
Rep., 337.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*