(95 South. 481)

**KNOWLES v. BLUE et al. (3 Div. 598.)**

(Supreme Court of Alabama. Jan. 18, 1923.)

**1. Appeal and error ⬡➝966(1)—Continuance ⬡➝7—Motions for continuance over term addressed to discretion of trial court and not disturbed except for abuse.**

Motions for continuance for the term are addressed to the sound discretion of the trial court, and the judgment of the trial court will not be disturbed on appeal in the absence of abuse.

**2. Appeal and error ⬡➝966(1)—Court has discretion as to postponement of trial to later day in term.**

The action of the trial court in its discretion as to motions to pass a case until a later day of the term will not be disturbed on appeal in the absence of abuse.

**3. Trial ⬡➝15—Setting case for trial in advance of other cases previously filed held not improper.**

That a case was called for trial as set by the clerk in advance of other cases previously filed and set for trial did not constitute a violation of plaintiff's rights under circuit court rules 1 and 15; such rules being directory merely.

**4. Trial ⬡➝15—Court rule as to setting causes for trial construed.**

Circuit court rule 15, relating to trial dockets and to setting cases for trial, has the force and effect of a statute, is directory, and vests a large discretion in the trial court in the disposition of the causes in such order as to economically and speedily dispose of pending causes without injustice to parties litigant and their counsel.

**5. Continuance ⬡➝17—Allowance of time for preparation held within discretion of court.**

The court may exercise a sound discretion as to the time to be allowed for preparation for trial depending on the facts or attending circumstances surrounding both parties.

**6. Continuance ⬡➝17—Holding that 45 days was sufficient for plaintiff to prepare for trial within judicial discretion.**

A holding that plaintiff should have been prepared to proceed with trial on the day set therefor, which was more than 45 days after suit was brought, and after being twice notified by opposing counsel that trial would be insisted upon on such date, was not an abuse of judicial discretion.

---

⬡➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Continuance** ⬥22—Continuance for absence of witness properly refused where witness had testified.

A continuance for the term on the ground of absence of witness, was properly refused where the witness had appeared and testified when called at the trial; absence of the witness when motion for continuance was presented causing plaintiff no injury.

**8. Continuance** ⬥22—When continuance will not be granted for absence of witnesses or evidence stated.

To warrant a continuance because of the absence of a witness or evidence, the expected evidence must be material and competent, and there must be a probability that the testimony can be obtained at a future time to which it is prayed that the trial be continued, due diligence must have been exercised by the movant to secure the absent witnesses or evidence, the expected evidence must be credible, and such as to probably affect the result, it must not be merely cumulative or impeaching, and the motion must not be made merely for delay.

**9. Continuance** ⬥26(13)—Party not justified in relying on witness' promise to attend unless circumstances exceptional.

Under the requirement as to due diligence on motion for a continuance for absence of witnesses, a party is not justified in relying on the promise or expressed willingness of the witness to attend unless the circumstances are exceptional.

**10. Continuance** ⬥26(1)—Abuse of discretion in refusing continuance for absence of witnesses not shown.

It was not an abuse of judicial discretion to overrule plaintiff's motion for continuance on the ground of absence of witnesses where plaintiff had failed to show due diligence by taking his testimony by deposition, or by procuring compulsory process.

**11. Physicians and surgeons** ⬥18(7) — Evidence as to whether plaintiff consented to operation admissible in malpractice suit.

In an action for damages through the negligent performance of a surgical operation, it was not error to permit defendants to ask plaintiff, testifying in his own behalf, whether he consented to the operation if it was necessary; the inquiry being one of fact, and within the issues presented.

**12. Appeal and error** ⬥1033(3) — Admission of evidence favorable to appellant in a malpractice suit, if error, held harmless.

If in a malpractice suit it was error to permit defendants to ask appellant whether he consented to the operation if it was necessary, the error was harmless; the negative answer being favorable to appellant.

**13. Witnesses** ⬥363(1)—Testimony in malpractice action as to plaintiff's purpose in securing evidence held competent to show motive.

In malpractice action, evidence as to motives and purposes which impelled plaintiff to go to another city to procure evidence against the defendants *held* competent to show motive or bias against defendants or some of them.

**14. Physicians and surgeons** ⬥18(7) — Evidence as to skin grafting in malpractice action held proper.

In an action for malpractice based upon an operation including skin grafting, it was proper to ask plaintiff on cross-examination if he had made any reply to defendant's statement to him as to how the operation of skin grafting was performed—"cutting skin off the arm and putting it on the ankle."

**15. Evidence** ⬥222(2)—Evidence in malpractice calling for admission against interest held competent.

In an action for malpractice, the question whether plaintiff had ever said that defendant saved his foot, and that if it had not been for him witness' leg would have been ruined, was admissible as calling for evidence in the nature of an admission against interest.

**16. Witnesses** ⬥372(2)—Question as to who asked witness to attend court held proper as showing bias.

In a malpractice case, where a witness on cross-examination was asked, "Who asked you to come to court?" and he answered that plaintiff did, the question and answer were proper as showing bias or interest.

**17. Witnesses** ⬥387—Questions on cross-examination as to whom witness had talked about facts testified to on direct examination proper.

It is competent to ask a witness on cross-examination to whom he has talked as to the facts testified to on direct examination with the view of obtaining inconsistent and contradictory answers to discredit or impeach testimony of such witness.

**18. Physicians and surgeons** ⬥18(5) — Instruction limiting recovery in malpractice action held proper.

In a malpractice suit against several defendants jointly an instruction that under the pleadings and evidence the jury could not find a verdict against two of the defendants for anything that may have happened prior to a given date upon which the operation counted upon was had *held* not improper, although facts existed which might have been actionable as to others of the defendants, and not within the joint issue made by the pleading.

**19. Physicians and surgeons** ⬥18(6)—Patient voluntarily submitting to operation presumed to consent thereto.

In the malpractice action, an instruction that, if a patient voluntarily submits to an operation, his consent may be presumed, was proper.

**20. Physicians and surgeons** ⬥18(6) — Consent of patient not objecting to operation presumed in absence of fraud.

If a patient voluntarily submits to an operation—that is, after he knows it is about to be performed—and makes no objection, his consent will be presumed unless he is the victim of false representations.

**21. Physicians and surgeons** ⬥14(3) — No warranty of cure or of success of treatment.

Unless so provided by express contract, a physician or surgeon does not warrant that he

will effect a cure, or that he will restore the patient to a condition as before the necessity of treatment arose, or that the result of the treatment will be successful.

22. Appeal and error ⊙⟹273(6) — Exception merely designating subject or beginning of oral charge insufficient.

An exception only designating the subject treated by the court in an oral charge, or merely designating the beginning of part of the oral charge excepted to, is insufficient.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action for damages for malpractice by H. A. Knowles against John H. Blue, F. B. Boswell, and Virgil Dark. Judgment for defendants, and plaintiff appeals. Affirmed.

The plaintiff stated his case in 19 counts, asserting negligence in the performance of an operation or in the treatment subsequent thereto, the performance of a different operation from that to which plaintiff consented, and negligence in the treatment subsequent to the operation causing plaintiff to become addicted to drugs. More specifically, it is alleged that defendant Blue carelessly, ignorantly, or recklessly cut out a portion of the tendon of Achilles, which made it painful and difficult for plaintiff to use that foot. Demurrers being overruled, defendants pleaded the general issue, and a special plea setting up a settlement by the defendants Dark and Boswell prior to the institution of the present suit.

The plaintiff was given X-ray treatment by the defendant Dark for eczema on both feet, after which a swollen or ulcerated condition developed on his left ankle, caused, apparently, by X-ray burn. Following treatment by defendant Dark and by other physicians, plaintiff was taken by defendant Dark to defendant Blue. The latter prescribed local applications, which did not produce the desired results, and the plaintiff was thereafter operated on by defendant Blue, the process of which was curetting the wound, cutting of skin from the thigh and grafting it upon the ulcerated part. Evidence for plaintiff tended to show that the mode of treatment employed by defendant Blue was improper; that the best method for curing an X-ray burn was to let it alone. Evidence for defendants tended to show that skin grafting was the best method for treatment of such a wound; that it was necessary, because of infection, to cut away a portion of the tendon, and that such a cutting would not interfere with locomotion.

The evidence whether plaintiff agreed to the specific operation was in conflict. The plaintiff, as a witness, after testifying on cross-examination that no one had told him they were going to take skin off his thigh or arm and put it on the wound, and that Dr. Dark had told him in skin grafts they usually took the skin from the arm, and said nothing about the leg, was asked by defendant: "You consented for that if it was necessary, didn't you, Mr. Knowles?". Plaintiff's objection to this question was overruled.

The following charges were given at the request of defendants:

"A. I charge you that under the pleadings and evidence in this case you cannot find a verdict against the defendants Dark and Boswell for anything that may have happened prior to March 14, 1921.

"B. I charge you that, if a patient voluntarily submits to an operation, his consent thereto will be presumed.

"C. I charge you that, if plaintiff voluntarily submitted to the operation—that is, knew it was about to be performed, and made no objection—his consent is to be presumed, unless he was the victim of a false and fraudulent representation; this last a fact to be made reasonably clear in the evidence.

"D. Unless it is so provided by an express contract, a physician or surgeon does not warrant that he will effect a cure, or that he will restore the patient to the same condition as before the necessity of treatment arose, or that the result of the treatment will be successful."

Ball & Beckwith, of Montgomery, for appellant.

The judgment should be reversed for failure of the trial court to grant the plaintiff a continuance. 38 Cyc. 1278. Counsel argue for error in the rulings on evidence and the giving of charges for defendants, but without citation of authority.

Steiner, Crum & Weil, Hill, Hill, Whiting & Thomas, and Rushton & Crenshaw, all of Montgomery, for appellees.

A motion for a continuance is addressed to the sound discretion of the trial court. 160 Ala. 48, 49 South. 535; 163 Ala. 408, 50 South. 1032; 17 Ala. App. 198, 84 South. 770; 3 Michie's Ala. Dig. 276; 13 C. J. 133; 6 R. C. L. 548. It is not necessary to lay a foundation as for impeachment of a witness in order to show inconsistent declarations of a party. 135 Ala. 272, 33 South. 28; 52 Ala. 222; 40 Cyc. 2723. The method and manner of cross-examining a witness is in the discretion of the trial court. 36 Ala. 514; 55 Ala. 145; 83 Ala. 384, 3 South. 715; 188 Ala. 229, 66 South. 446; 4 C. J. 823.

THOMAS, J. The suit for damages was filed March 13, demurrer to the complaint of date of March 25, and the verdict and judgment for defendants rendered and entered on April 20, 1922. The law of such a case is well defined by this court. Talley v. Whitlock, 199 Ala. 28, 73 South. 976; Parsons v.

Yolande Coal & Coke Co., 206 Ala. 642, 91 South. 493; Barfield v. South Highlands Infir., 191 Ala. 553, 68 South. 30, Ann. Cas. 1916C, 1097; Robinson v. Crotwell, 175 Ala. 194, 57 South. 23; Carpenter v. Walker, 170 Ala. 659, 54 South. 60, Ann. Cas. 1912D, 863; Hamrick v. Shipp, 169 Ala. 191, 52 South. 932; Shelton v. Hacelip, 167 Ala. 217, 51 South. 937; McDonald, Exec. v. Harris, 131 Ala. 359, 31 South. 548.

[1, 2] Several assignments of error are based on the refusal to grant plaintiff a continuance for the term. There was no specific motion to pass the case to a later date of that term.

It is well recognized such motions are addressed to the sound judicial discretion of the trial court, and that appellate courts will not reverse action thereon unless it is obvious and palpable that there was an abuse of judicial discretion in granting or refusing such motion. Lutz v. Van Heynigen Brokerage Co., 202 Ala. 234, 80 South. 72; Berthold, etc., v. Geo. W. Phalin Lumber Co., 196 Ala. 362, 71 South. 989; Birmingham Paint, etc., Co., v. Gillespie, 163 Ala. 408, 50 South. 1032; Kelly v. State, 160 Ala. 48, 49 South. 535; Ex parte Scudder-Gale Gro. Co., 120 Ala. 434, 25 South. 44; Denson v. Stanley, 17 Ala. App. 198, 84 South. 770. The same rule obtains as to the action of the trial court on a motion for postponement of the trial to a later date in the term. A. G. S. R. Co. v. Hill, 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; Walker v. State, 91 Ala. 76, 9 South. 87; DeArman v. State, 77 Ala. 10.

A ground for continuance contained in the motion is that the trial court may not call the instant case for trial as set by the clerk, in advance of other cases previously filed and set for trial, and that, if so called and tried, it would result, as to plaintiff, in a violation of his rights under circuit court rules 1 and 15. The trial docket was offered in evidence to support the motion. The bill of exceptions recites:

"It was admitted that there were many cases on the docket untried and uncalled and not disposed of which had been filed and docketed prior to said cause [the instant case], but the court overruled said objection and exception [to going to trial in advance of said other causes on the docket], and to said ruling the plaintiff then and there duly and legally excepted. The following testimony was introduced: H. A. Knowles, being duly sworn," etc.

[3, 4] The record fails to show such a violation of circuit court rule 15 as to which plaintiff can complain, or that as to him reversible error was committed. Womack v Bookman, 34 Ala. 38; Shorter v. Hightower, 48 Ala. 526; 38 Cyc. 1282, notes. Statutes prescribing the order of trial of causes on the docket have been said to be merely directory. The rule in question, as codified, has the force and effect of a statute, is directory, and vests a large discretion in the trial court

in the disposition of the causes in such order as to economically and speedily dispose of pending causes without injustice to parties litigant and their counsel. Cherry v. Milam (Okl. Sup.) 168 Pac. 241.

[5, 6] We may observe of the phase of the motion that plaintiff had no sufficient time to prepare for his trial that the law of the case is well settled by this court. The minimum time allowed by statute, after service of process on a defendant, for preparation of the defense was presumptively sufficient. A. L. Clark Lbr. Co. v. Northcutt, 95 Ark. 291, 294, 129 S. W. 88. It was formerly 20 days. Code, § 5346. This statute was amended, giving 30 days after execution of process within which to appear and plead, answer, or demur. Gen. Acts 1915, p. 825 (1). For applications of the last statute see Robinson v. Newton Gro. Co., 200 Ala. 528, 76 South. 854; Street v. Browning, 205 Ala. 110, 87 South. 527; S. J. Petree & Co. v. Phillip Olim & Co., 206 Ala. 333, 89 South. 602; Carothers v. Callahan, 207 Ala. 611, 93 South. 569. If 30 days is presumably a sufficient time for a defendant to prepare his side of the case for trial, the same would apply with added force to a plaintiff, who is given by statute 12 months after injury and damage to prepare and file suit. It must be noted, however, that there is no iron-bound rule governing such matter, and that the court may exercise a sound discretion as to both parties, dependent on their peculiar or attending circumstances. Denson v. Stanley supra; Ex parte Scudder-Gale Gro. Co., 120 Ala. 434, 438, 25 South. 44. There was no obvious and palpable abuse of judicial discretion in holding that plaintiff should have been prepared to proceed with his trial on the day set for the trial, which was more than 45 days after suit was brought, and after being twice notified by counsel that trial would be insisted upon on April 19, 1922.

[7] A ground of plaintiff's motion for a continuance for the term (not for a postponement to a later date thereof) was the absence of two material witnesses, Drs. Kirklin and Lewis. Respective counsel admit that Dr. Lewis appeared and testified when called at the trial, and in behalf of and "in the cause of plaintiff." Plaintiff suffered no injury by failure of the presence of Dr. Lewis when the motion for a continuance was presented, argued, and ruled on by the court. There is immaterial discrepancy between counsel as to the exact time Dr. Lewis appeared at court; it is sufficient that he was present and testified when called as a witness by plaintiff. What of the showing for a continuance because of the absence of Dr. Kirklin? On the hearing of the motion, plaintiff rested on the averments of fact set out therein, and on the exhibits thereto. Defendants, in answer thereto, showed that

shortly after the suit was filed the clerk set the case for trial (for April 19, 1922), notified the respective counsel, and that defendants' attorneys informed plaintiff's attorneys of record that defendants would be ready for and insist upon a trial on the date indicated, and that again, on March 31st, defendants' attorneys, or some of them, wrote plaintiff's attorneys confirming their conversation with one of the attorneys for plaintiff, stating that defendants "wish this case tried at this term of the court, and we will * * * be ready for trial" on the day set for the trial (April 19, 1922); that "no reply was received from said letter." It is further recited in the bill of exceptions on this point:

"That about a week before the trial one of the plaintiff's attorneys came to the office of one of the defendants' attorneys to ascertain if there was any prospect of getting the case continued, and that defendants' attorney told him that the defendants would not agree to a continuance, but, on the contrary, would insist upon the trial when the case was set. Evidence was further introduced that at least one of the defendants' main witnesses, a surgeon practicing in the city of Montgomery, had made plans to attend lectures elsewhere, but had postponed the same in order to be present at this trial and testify, and his plans were so laid as that he expected to leave within a few days after the case was set for trial"; that the motion was overruled, the case passed to April 20th to "enable plaintiff to notify and procure his witnesses to be present. To the action of the court in overruling the motion * * * plaintiff then and there duly and legally excepted."

Such are the recitals of the bill of exceptions. The next day (April 20, 1922) plaintiff moved the court to "grant a continuance" on grounds stated in first motion, and on grounds more specifically indicated as to the absent witnesses. The materiality of the testimony and causes for the absence of Dr. Kirklin are averred; that he resided more than 100 miles from the place of the trial; had promised and agreed with plaintiff, "if it was possible, he would attend the trial of such cause and testify for him; * * * that on April 15th he (plaintiff) had clerk of this court issue subpœna" for said doctor; and that "on the morning of April 19 he received a telegram from" witness, saying it was "impossible * * * to come because of illness." It is further averred:

That on April 19, 1922, the witness Dr. Kirklin had made affidavit admitting the agreement between him and plaintiff to the effect that the former would be present at the trial to testify; that it was "impossible for affiant to * * * attend court in Montgomery as a witness * * * for the reason that affiant has illness in his own family which requires his presence and attention, and for the additional * * * reason that affiant has under his care a patient who is suffering from pneumonia, and who is now in the crisis of the disease, and who * * * demands the constant care and treatment of affiant;" and "another patient on whom he (affiant) performed a surgical operation last Sunday, and who requires his care and attention," and patients whom affiant "feels that he cannot afford to neglect or slight in accordance with his duties as a physician; that, but for the reasons hereinabove set out, affiant would and could attend said Montgomery court as a witness in said cause"; that he "is not related to any of the parties in said cause, and has no interest in or connection with said litigation except as hereinabove indicated."

The motion contained the further averment:

That, after counsel had received telegrams from the witnesses (Drs. Kirklin and Lewis) "plaintiff made affidavit as to the residence of said physicians at a distance of more than 100 miles from the place of trial as required in section 4021 of Code 1907, and directed the clerk of this court to issue subpœnas accordingly."

Of necessity, this was after the receipt of the telegrams from witnesses on April 19, 1922, and the day on which the case was set for trial. It was further stated in plaintiff's motion:

That Drs. Kirklin and Lewis were the "only two medical witnesses who are conversant with the details and history of plaintiff's condition from the time of the injuries complained of," etc.; that they would "give material testimony for plaintiff in this cause. * * *"

That is to say, the testimony of the one witness was in nature cumulative as to the testimony of the other. Plaintiff had not sought by depositions to procure the testimony of the witnesses, and the record does not show that the summons issued on April 15, 1922, was duly served upon that witness.

The fact that Dr. Kirklin wired plaintiff on the day the motion for continuance was to be or being heard of his inability to be present tended to indicate that he was conscious that his presence was desired, by reason of the executed process (which fact is not shown by the record), or by reason of his agreement with plaintiff to be present at the trial and testify in his behalf. Provisions of the statute were ample to have secured the deposition of Dr. Kirklin (Code 1907, § 4030), or to have enforced his personal presence as a resident of the state living more than 100 miles from the place of trial (Code 1907, § 4021). The motion contained only the averment that affiant moved for process under the latter statute on April 19, 1922. It was only after service of such special process that the witness was subject to the additional and extraordinary powers of the court. Thus it is without question clear that plaintiff had relied upon his agreement with the witnesses to be present, rather than upon statutory provisions therefor. It remains to be decided whether there was a palpable and obvious abuse of judicial discretion by the trial court in forc-

ing plaintiff to trial in the absence of Dr. Kirklin.

[8] To guard against unnecessary or unwarrantable delay and bad faith in granting a continuance because of the absence of a witness or evidence, the courts have agreed: (1) That the expected evidence must be material and competent (Fowler v. State, 170 Ala. 66, 54 South. 115; Rodgers v. State, 144 Ala. 32, 40 South. 572; Walker v. State, 117 Ala. 85, 23 South. 670; 1 Wm. Blackstone Rep. pp. 510, 516; Stevenson v. Sherwood, 22 Ill. 238, 74 Am. Dec. 147; Blackburn v. State, 48 Tex. Cr. R. 286, 87 S. W. 692, 122 Am. St. Rep. 746–748; 9 Cyc. 106; 6 R. C. L. p. 557, § 15); (2) that there must be a probability that the testimony can be obtained at a future time to which it is prayed that the trial be continued or postponed (Ala. S. & W. Co. v. Wrenn, 136 Ala. 475, 34 South. 970; Gaines v. State, 146 Ala. 16, 41 South. 865; Stevens v. State, 138 Ala. 71, 35 South. 122; Walker v. State, supra; 1 Wm. Blackstone's Rep. pp. 510–516; 74 Am. Dec. 146; 122 Am. St. Rep. 752; 6 R. C. L. 559, § 18); (3) due diligence must have been exercised by the movent to secure the absent witnesses or evidence (Kroell v. State, 139 Ala. 1, 11, 36 South. 1025; 13 C. J. p. 155, § 71; 74 Am. Dec. 146; 122 Am. St. Rep. 745, 746, 754; 6 R. C. L. p. 560, § 19; Cook v. Moody, 18 Wash. 114, 50 Pac. 1020, 63 Am. St. Rep. 872; 67 Am. Dec. 630, 634, note; Rex. v. D'Eon, 1 Wm. Blackstone's Rep. 510, 516; same case, 3 Burrows, 1513). From these three cardinal rules have come other rules or corollaries: (4) That the expected evidence must be credible and that it be probable that it will affect the result (122 Am. St. Rep. 754; 6 R. C. L. p. 559, § 17; 13 C. J. p. 153, §§ 66, 67); (5) that the evidence is not merely cumulative or impeaching (Walker v. State, 117 Ala. 85, 23 South. 670; Gaines v. State, 146 Ala. 16, 41 South. 865; Eatman v. State, 139 Ala. 67, 73, 36 South. 16; 9 Cyc. 108; 6 R. C. L. p. 558, §§ 14, 16; 13 C. J. p. 154, §§ 67, 68; 122 Am. St. Rep. 749, 751); and (6) that the motion for a postponement or continuance is not made merely for the purpose of delay (6 R. C. L. p. 556, §§ 14–18; 122 Am. St. Rep. 746; 74 Am. Dec. 145).

[9, 10] It has been held under the requirement of due diligence that a party is not justified in relying on the promise or expressed willingness of a witness to attend the trial, unless the circumstances are exceptional. 13 C. J. 160, §§ 79–84; Campbell v. Blanke, 13 Kan. 62; Yori v. Cohn, 26 Nev. 206, 65 Pac. 945, 67 Pac. 212; Parrish v. Gardner, 3 Har. (Del.) 495; Hensley's Adm'r v. Lytle, 5 Tex. 497, 55 Am. Dec. 741; Blount v. Beall, 95 Ga. 182, 22 S. E. 52; Peck v. Parchen, 52 Iowa, 46, 2 N. W. 597; State v. Cross, 12 Iowa, 66, 79 Am. Dec. 519; Bone v. Hillen, 1 Mill, Const. (S. C.) 197; Day v. Gelston, 22 Ill. 103; Jeter v. Heard, 12 La. Ann. 3; State v. Phillips, 18 S. D. 1, 98 N. W. 171,

5 Ann. Cas. 760; Mackubin v. Clarkson, 5 Minn. 247 (Gil. 193); 5 Ann. Cas. 760; 74 Am. Dec. 146; 9 Cyc. 109. There was no obvious and palpable abuse of judicial discretion in overruling the plaintiff's motion for a continuance for the failure to show due diligence in taking his testimony by deposition or procuring compulsory process for the absent witness, or to have insured his presence, and the testimony of the witness was, as shown by the motion and evidence, cumulative to that of Dr. Lewis, who was present and testified.

[11-13] There was no error in permitting defendants to ask the plaintiff, testifying in his own behalf: "You consented to that if it was necessary, didn't you, Mr. Knowles?" The inquiry was of fact, and within the issues presented. Moreover, if it had been error, it was harmless, since the negative answer of the witness was favorable to plaintiff. So of the motives or purposes that impelled plaintiff to go to New Orleans to procure evidence against the defendants; the witness answered "he went there for treatment," and to get evidence against two of the defendants in another or initial treatment made the basis of the X-ray suit theretofore brought against them by plaintiff. Aside from this, the evidence was competent to show motive or bias against the defendants, or some of them. Rogers v. Smith, 184 Ala. 506, 63 South. 530; B. R., L. & P. Co. v. Baker, 161 Ala. 135–139, 49 South. 755, 135 Am. St. Rep. 118, 18 Ann. Cas. 477; Wallace v. N. A. T. Co., 145 Ala. 682, 40 South. 89.[1]

[14] The witness Knowles was properly asked on cross-examination if he made any reply to Dr. Dark's statement to him as to the way the operation of "skin grafting" was to be performed—"cutting the skin off of the arm and putting it on the ankle." It was within the pleadings and for the jury to infer whether or not the plaintiff was sufficiently informed by the defendants, or any of them, of the nature of such an operation, and whether the defendants were authorized to perform the same upon him. The witness had testified that the defendant indicated had informed him "before he went to the hospital that skin grafting would be the course of treatment if curettement didn't cure it; that he (witness) had heard of skin grafting operations and knew what they were." With such knowledge of the course of that treatment, he gave himself to the doctor for surgical and medical attention, presumably for the reasonably necessary and proper treatment of his foot within the duties and obligations declared in this jurisdiction to result as a matter of law in the absence of express contract. The evidence was proper for the jury, and to aid in draw-

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in the Alabama Reports.

ing the reasonable inferences therefrom when consistent with all the other evidence.

The questions on cross-examination to Knowles were competent as tending to shed light upon his feelings, motive, or bias as to the extent of his settlement or matters embraced in plaintiff's former claim or suit against two of the present defendants growing out of X-ray injuries in question. Moreover, the answer of the witness was that he did not keep secret the fact of his injury, damage, and claim against said defendants made in the instant suit.

[15] The plaintiff was asked if at different times he had said that Dr. Blue saved his foot, or leg, and that if it had not been for him witness' "leg would have been ruined." The witness answered: "I don't know that I ever did. I discussed it with different people." It called for evidence in the nature of an admission against interest as to one of the defendants, and was competent for the limited purpose of his defense; there was no motion, or objection, that the evidence sought was not limited by the court or counsel to the defense of that defendant. The objector did not move for such instruction by the court.

[16] The cross-examination of the witness Lewis, "Who asked you to come" to court? and his answer, "Mr. Knowles," were proper in the effort to show bias or interest, however slight such tendency may be. Johnson v. State, 199 Ala. 255, 74 South. 366; Banks v. State (Ala. Sup.) 39 South. 921; 40 Cyc. 2489.

[17] No appropriate assignment of error challenges the correctness of the trial court's ruling on plaintiff's objection to the method pursued in cross-examination of Mrs. Wesley. And as to this there is nothing presented for review. Moreover, it was competent on cross-examination to ask a witness to whom she had talked as to the facts of which witness had testified on direct examination. That is to say, within reasonable limitations a witness may be asked what is termed a class of irrelevant questions with a view of obtaining inconsistent and contradictory answers for the purpose of discrediting or impeaching testimony of such witness. Jones v. McNeil, 2 Bailey (S. C.) 466, 473. In Banks v. State (Ala. Sup. 1905) 39 South. 921, Mr. Justice Haralson says of the question under consideration:

"It is always permissible for the opposite party to ask a witness examined against him to whom he has talked about the case. * * *"

The decision in the Banks Case appears only as a memorandum in 155 Ala. 674, 45 South. 217.

Several assignments of error challenge the charges requested by the defendants in writing and given by the court, which are designated by us as A, B, C, and D.

[18] In charge A the issue made by the

pleading was for damages resulting from a negligent operation or a joint trespass committed on the plaintiff by defendants on March 14, 1921. Of necessity plaintiff is limited to the matter set forth in his complaint or the several counts thereof. The effect of the charge was to instruct the jury that, even though the evidence might show that the plaintiff had suffered in an X-ray treatment by two of the defendants in August, 1920, or at a time preceding that declared upon in the complaint, or the several counts thereof, the jury could not assess damages against defendants growing out of treatment by some of the defendants not embraced in the joint trespass which is charged to have been committed on the 14th day of March, 1921. Parties have the right to make the issues on which the trial is to be had, and, although the evidence may disclose a fact or facts that may have been actionable as to some of the defendants, if not within the joint issue made by the pleading, such party may not have the benefit thereof in final judgment. Pake v. Lindsey Mill Co., Inc. (Ala. Sup.) 94 South. 573.[2] There was no error in giving defendants' written charge A.

[19-21] Charge B was approved as charge No. 1 in Barfield v. South Highlands Infirm., 191 Ala. 553, 558, 571, 68 South. 30, Ann. Cas. 1916C, 1097; and given charge C is a correct excerpt from the opinion of the court in Barfield v. South Highlands Infirm., 191 Ala. 553, 568, 68 South. 30, Ann. Cas. 1916C, 1097. See, also, State v. Housekeeper, 70 Md. 162, 16 Atl. 382, 2 L. R. A. 587, 14 Am. St. Rep. 340; Gladwell v. Steggall, 5 Bingham (N. C.) 733. Given charge D is a copy of charge No. 2, approved in Barfield v. South Highlands Infirm., supra.

[22] The colloquy between the court and respective counsel was insufficient to specifically present for review an exception sought to be taken to portions of the oral charge, as required by the rules obtaining in such matter. An exception only designating the subject treated by the court in an oral charge, or merely designating the beginning of part of the oral charge excepted to, is insufficient. Ex parte Cowart, 201 Ala. 55, 77 South. 349; B. R., L. & P. Co. v. Friedman, 187 Ala. 562, 570, 65 South. 939; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 South. 73; Beech v. State, 205 Ala. 342, 87 South. 573; Whittle v. State, 205 Ala. 639, 89 South. 43; Marbury Lumber Co. v. Lamont, 169 Ala. 33, 53 South. 773; Western Union Tel. Co. v. Burns, 164 Ala. 252, 51 South. 373. However, a reference to the full statement of the court to the jury shows no error was committed in giving the definition of negligence having application to such a case. Carpenter v. Walker, 170 Ala. 659, 663, 54 South. 60, Ann. Cas. 1912D, 863.

---

[2] 208 Ala. 569.

After a careful consideration of the whole record, we are of the opinion that no reversible error intervened at the trial, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.