action of the trial court, in the absence of a showing in the bill to the contrary, would prevail. See Moore v. State, 7 Tex. App. 14; Cavanar v. State (Tex. Cr. App.) 269 S. W. 1053; Morgan v. State, 82 Tex. Cr. R. 615, 201 S. W. 654.

The motion for rehearing is overruled.

---

## BAIMONTE v. STATE.  (No. 8928.)

(Court of Criminal Appeals of Texas.   Oct. 28, 1925.)

**1. Criminal law ⬤═595(9)—Refusal of continuance to procure testimony of absent witness in support of alibi held reversible error.**

Refusal of continuance to procure testimony of absent witness, unrelated to defendant, in support of latter's alibi, *held* reversible error, though defendant proved alibi by his parents and other relatives, in view of prosecuting witness' testimony that he did not know defendant from his brother, who greatly resembled defendant, until day of sale, and was told that defendant was one from whom he bought liquor.

**2. Criminal law ⬤═596(1)—Evidence in support of alibi ground for continuance, though cumulative.**

That testimony of absent witness in support of alibi is cumulative is no reason for denial of continuance to procure it.

Commissioners' Decision.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Frank Baimonte was convicted of selling liquor, and he appeals. Reversed and remanded.

Lamar Bethea and J. R. Astin, both of Bryan, Henry A. Bush, of Franklin, and E. T. Branch, of Houston, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Ass't State's Atty., both of Austin, for the State.

BERRY, J.   The appellant was convicted in the district court of Robertson county for the offense of selling liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

[1] When the case was called for trial appellant presented his second application for a continuance on account of the absence of the witness Julian Court and other witnesses. It is not necessary to discuss the application with reference to any witnesses except the witness Court. The facts show that the witness Reece Simpson testified that he bought a concoction, believed by him to be whisky, and which he bought as whisky, from a party whom he in a manner identified as the appellant. The witness testified that he was not well acquainted with the appellant and had not known him very long. The witness also testified that he had seen

Peter Baimonte, a brother of this appellant, and that he did not know Frank Baimonte from Peter Baimonte until the day of the alleged sale. We quote his statement:

"I did not know Frank Baimonte from Peter Baimonte until that day, and they said it was Frank. I bought it from the one named Frank; that is what they said—what they told me. As to whether I am certain I bought it from Frank and not Peter Baimonte, I was told to go to Frank, I asked for Frank, and that is the one that come to me. I did not ask for anybody; I just held up my hand, and he come to me."

On redirect examination the witness testified that the party on trial was the person from whom he bought the whisky. The appellant on the trial of the case testified to an alibi, and proved by himself, an uncle, and a cousin living near Missouri City, and by his father and mother, that he was not in Robertson county on the day the offense is alleged to have been committed, but was visiting his relatives at Missouri City near Houston from the 17th day of July, 1923, until the 29th day of said month. In his application for a continuance, the appellant alleges that he expected to prove by the witness Julian Court that on the morning of the 17th day of July, 1923, the witness and the appellant boarded the train at Shoreacres on J. R. Astin's farm and rode to Hearne together; that the defendant told the witness, Julian Court, that he was on his way to Houston and Missouri City for a short vacation and to visit relatives; that the defendant and the witness Julian Court alighted from the train at the depot in Hearne, and he left the defendant at the depot in Hearne waiting for the south-bound Houston & Texas Central train for Houston, Tex. Scruggs v. State, 35 Tex. Cr. R. 624, 34 S. W. 951. The diligence used by the appellant to procure the attendance of this witness is entirely sufficient. In fact, there was no contest filed by the state, so far as this record shows, with reference to a lack of diligence. The testimony above detailed, given by the state and by the appellant on the trial of the case, clearly demonstrates that the absent testimony, if true, was highly material to the appellant's defense.

[2] We are of the opinion that the court erred in refusing this application for a continuance and in refusing a new trial. The testimony of the witness Court was very material to the defendant, and, the object of it being to prove an alibi, it does not come within the objection that it is merely cumulative testimony. It has been often held by this court that the fact that the evidence is cumulative where it is sought to establish an alibi is no reason for its exclusion, but, on the contrary, the greater the number of witnesses to the facts establishing it, the stronger ordinarily would be the reliance upon and conviction of its truth. Pinckord. v. State, 13 Tex. App. 468; Lawson v. State, 13 Tex. App. 264; Tyler v. State, 13 Tex. App. 205. This case comes squarely under the case of Smythe v. State, 17 Tex. App. 253. In that case, Judge Willson used the following language:

"Besides, this witness Mullins was in no way related to the defendant, and was apparently a disinterested witness, and more likely for that reason to be credited by the jury than the mother, wife, and brother of the defendant. It has been laid down by this court as a rule of practice that it will not revise the action of the court in refusing a continuance unless it appear from the evidence adduced on the trial that the testimony of the absent witness is not only material but that it is probably true. Wooldridge v. State, 13 Tex. App. 443 [44 Am. Rep. 708]; St. Clair v. State, 11 Tex. App. 297. But, when it does appear from the evidence that the absent testimony is material, and is probably true, and that due diligence has been used to obtain it, this court will grant the defendant a new trial. Casinova v. State, 12 Tex. App. 554. "In this case, the guilt of the defendant rests entirely upon the opinion of two witnesses as to his identity. Neither of these witnesses ever saw him before they saw him in possession of the stolen horse, and never saw him again until months thereafter. One of them was only casually, and for a short time, acquainted with him, and the other one was not acquainted with him at all. Is it improbable under these circumstances, that these witnesses are mistaken in the identity of the defendant with the man who had the horse? If Mullins were to testify that the defendant, at the time the horse was stolen, was at another place than where the theft committed, and could not, therefore, have been the party who stole the horse, would not his testimony be probably true? Our conclusions are that the testimony of the absent witness Mullins is not only material, but that it is probably true, and that the court erred in not granting the continuance and in not granting a new trial."

In addition to the facts stated above, the record also discloses that there was admitted in evidence testimony to the effect that this appellant and his brother, Peter Baimonte, greatly resembled each other, and it was also in evidence that the witness' brother, Peter, was at home and remained at home while the appellant was visiting near Missouri City. Under this state of the record, can it be said that it is improbable that the state's witness was mistaken in the identity of the appellant? If the witness Court should in fact testify that the defendant was seen by him and talked to by him on the 17th day of July, and the defendant told him that he was on his way to visit his relatives, would not his testimony be probably true? It is true that the appellant has proved the alibi by his mother, father, and other relatives, but the record discloses that this absent witness was not related to the appellant, and, as was said by Judge Willson in the Smythe Case above, he was more likely for this reason to be credited by the jury than were the relatives of the appellant and the appellant himself. It is our conclusion that the testi-

mony of the absent witness Court is material, and the court was not warranted in holding that it was not probably true, and that the court erred in refusing to grant the appellant a new trial based upon his complaint at the court's action in overruling his application for a continuance; and, for such error, the judgment of the trial court is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.