## ROY ADAMS V. THE STATE.

No. 8986. Delivered November 25, 1925.

**Selling Intoxicating Liquor—Continuance—Improperly Refused.**

Where, on a trial for the sale of intoxicating liquor an application for a continuance on account of the absence of a witness for whose attendance due diligence had been used, and by whom defendant averred he could prove an alibi, was erroneously refused by the court, necessitating a reversal of the cause. Following Garold v. State, 11 Tex. Crim. App. 219, and other cases cited.

Appeal from the District Court of Eastland County. Tried below before the Hon. E. A. Hill, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Burkett, Orr & McCarty,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the 88th District Court of Eastland County of the offense of unlawfully selling intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that it was the State's contention that the appellant sold the whiskey in question at night time, and the great preponderance of the State's testimony places said sale between 12 o'clock midnight and 2 o'clock a. m. One of the State's witnesses testifies to facts which would tend to place said sale later in the morning, and all of the State's witnesses place the transaction at the home of the appellant's father,

where he, appellant, then resided. The defense of the appellant was an alibi. Some of the State's witnesses were not certain as to the identity of the party making the sale, whether it was the appellant or his brother. The appellant made an application to the court for a continuance, for the want of the testimony of the witness Jack Moudy, who, the application shows had been duly subpoenaed, and had attended at a former setting of this case for trial, and had been duly notified of the setting of said case on the date of the trial, but failed to appear, in said application it is alleged that appellant would prove by said witness that at the date and time of the alleged sale that said witness was with the appellant at another and different place; to-wit, at Putnam, Texas, a distance of about seven miles, and had car trouble, and had taken his automobile to a shop at Putnam for repairs, and did not get said car repaired until 3:30 or 4 o'clock a. m. The said motion was not contested by the State, and we are of the opinion that the learned trial judge erred in overruling same; especially in view of the fact that on the trial the said allegations in said motion were supported by the defendant's witness Julian, a mechanic at Putnam, who testified to seeing appellant on the said night about 11 o'clock, when he came to his garage, and to going out and pulling his automobile into his garage, and working on same up until it was finished, and then he, the witness, left to go to his home, and when he reached his residence, a short distance from his shop, it was about 15 minutes until 4 o'clock in the morning, and that there was another man, whom he learned later was named "Mondy" with the appellant at said time. The appellant's witness Robertson, a constable, testified to seeing appellant at said garage about 1 o'clock in the morning on said date, and to seeing said Julian working on said automobile, and that there was another man in appellant's car that "he took to be Jack Moudy". We are of the opinion that the trial judge erred in overruling said motion for continuance, and in view of the facts above stated being developed on the trial that at least he should have granted a new trial on the account of the testimony of the absent witness, Jack Moudy, because it can be readily seen that if said absent witness were to testify to the facts set out in said motion, that same would be very material to the defendant's defense. Garold v. State, 11 Tex. Crim. App. 219; Lawson v. State, 13 Tex. Crim. App. 264; Miller v. State, 18 Tex. Crim. App. 256; Thomas v. State, 51 Tex. Crim. Rep. 330.

· Appellant complains of the refusal of the court in not sustaining his challenge to the jury and other. questions which we do not ·deem necessary to pass upon at this time, in view of the disposition we have made of this case.

For the reason above stated, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of· Criminal Appeals and approved by the Court.