### GENE MCGAHEE V. THE STATE.

No. 9384.    Delivered December 16, 1925.

**Manufacturing Intoxicating Liquor—Continuance—First Application—Erroneously Refused.**

Where, on a trial for manufacturing intoxicating liquor, appellant, when his case was called for trial, presented his first application for a continuance, on account of the absence of several witnesses for whose attendance he had used due diligence, and by whom he expected to prove an alibi, in corroboration of his own and his wife's testimony, the continuance should have been granted, and its refusal compels us to reverse the case. Following Cox v. State, 5 Tex. Crim. App. 118, and other cases cited.

Appeal from the District Court of Rains County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*T. R. Potts,* Emory; *Jones & Jones,* Mineola, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Rains County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of three years.

The State's testimony shows that the sheriff and two other parties went near a still which was located close to appellant's

house and stayed there from about 8:30 o'clock p. m. until about 3 o'clock a. m. and that a few minutes after they reached the still, this appellant and other parties came to it and stayed there until about 3 o'clock, and were engaged in the manufacture of intoxicating liquor.

Appellant's testimony from himself and his witnesses was sufficient to show an alibi for him.

Before going to trial appellant filed his first application for a continuance in which he alleged the absence of various witnesses by whose testimony he expected to strengthen the alibi testified to by himself, his wife and his other witnesses. This application shows that the bill of indictment was returned on the third day of December and that he was forced to trial on the 15th day of December, all in 1924. The application is, in our opinion, entirely sufficient to show that appellant used due and sufficient diligence to procure the attendance of the absent witnesses, and it is sufficient to show that the witnesses were not absent on account of any fault or neglect on the part of this appellant. The application further shows that the testimony expected to be proved by the absent witnesses would be highly material to the appellant's defense. Briefly stated, it would, if true, be entirely sufficient to show that the appellant was not at the still from at least 8:30 o'clock until 12 o'clock on the night when the sheriff and the other State's witnesses testified that he remained there from shortly after 8:30 until 3 o'clock. In other words, if the testimony of the absent witnesses is true, then it would have a strong tendency to destroy the State's case. So much has been written on the question of a first application for a continuance that we do not deem it necessary to write further on the subject. It is sufficient to say, as has often been said heretofore, that when the diligence is sufficient and the absent testimony is material and in consonance with defendant's testimony on the trial, or is contradictory of the State's case, a first application for continuance should be granted.

Cox v. State, 5 Tex. Crim. App. 118; Laubach v. State, 12 Tex. Crim. App. 591; Pinckford v. State, 13 Tex. Crim. App. 477; Holder v. State, 13 Tex. Crim. App. 606; Roquemore v. State, 54 Tex. Crim. Rep. 595, 114 S. W. 140; Wade v. State, 172 S. W. 215; Section 235, Branch's P. C. for collation of many other authorities.

Because the court erred in refusing to grant appellant's first application for continuance, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.