### G. G. Richardson v. The State.

No. 11011.   Delivered November 16, 1927.

**1.—Burglary—Continuance—Improperly Refused.**

Where, on a trial for burglary the appellant moved for a continuance on account of the absence of two witnesses, by whom he expected to prove that at the time of the burglary he was in the town of Comanche, some 120 miles away. Proper diligence being shown, his motion should have been granted.

**2.—Same—Evidence—Of Alibi—When Cumulative—Rule Stated.**

The fact that the evidence is cumulative, when it is sought to establish an alibi, is no reason for its exclusion. The greater the number of witnesses to the facts establishing an alibi, the stronger the probability of its truth. See Baimonte v. State, 276 S. W. 921, and authorities cited.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Stinson & Brooks* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is burglary; the punishment confinement in the penitentiary for two years.

When the case was called for trial appellant presented his first application for a continuance, which was based on the absence of the witnesses, E. B. Hindman and Mrs. E. B. Hindman, and

other witnesses. It is only necessary to discuss the application with reference to the witnesses E. B. Hindman and Mrs. E. B. Hindman.

The state's case depended on the identification of appellant about 8:30 or 9:00 o'clock Saturday night, August 7, 1926, by A. B. Hodge, the injured party, who testified, in substance, that he caught appellant while he was burglarizing his house; that appellant told him his name was Richardson, and that he lived in Abilene, that he had never seen appellant before the burglary was committed, that he took appellant's flash light and looked at him, that appellant was driving a Chevrolet automobile, that he did not have appellant arrested on the night of the burglary, that later he went to the place where appellant told him he lived, called appellant and looked at him, and that he had no doubt, after looking at appellant, that he was the same man he had caught burglarizing his house, that he had not known where appellant lived until appellant told him on the night of the burglary, and that he went to see appellant where he said he lived, that appellant did not appear to be crippled on the night of the burglary, but appeared to be crippled on the occasion he saw him at his (appellant's) home.

Appellant testified, in substance, that at the time of the burglary he was in Comanche County, 120 miles away from the scene of the burglary, at the home of E. B. Hindman and Mrs. E. B. Hindman, where he arrived about sundown and remained until the following morning. Two witnesses for appellant testified that they also spent the night of August 7, 1926, at the Hindman home, and that appellant reached there about sundown on the same date and remained there until the following morning, when he went to the McKenzie home, which was nearby, where he spent the night of August 8th. The fact that appellant was in Comanche County near the home of Hindman on the morning of August 8th is not disputed. Appellant brought forward one witness who testified that he (appellant) was seen by the witness in the town of Cisco, which is 55 miles from Abilene, about 5:30 p. m. August 7, 1926, and that the car in which appellant was riding was going in the direction of Comanche. Another witness for appellant testified that a few days before the burglary appellant had an accident which crippled him; that appellant was working for him at the time, and that on August 7, 1926, he paid appellant his wages and that on the same date at about 3:30 p. m. appellant left Abilene, telling the witness that he was going to Comanche. While the record discloses that appellant owned a Chevrolet

touring car at the time of the burglary, we find nothing in the record showing the number of the car. One witness for the state undertook to testify as to the number on the car seen by him on the occasion of the burglary, but the record discloses that he testified to two different sets of numbers.

In his application for a continuance appellant stated that he would prove by the absent witnesses, E. B. Hindman and Mrs. E. B. Hindman, if present, that appellant and his wife came to their home in Comanche County about sundown on August 7, 1927, and remained there continuously during the night.

A review of the evidence leads us to the conclusion that the learned trial judge fell into error in refusing to grant appellant's application for a continuance and in overruling his motion for a new trial. The absent testimony was material. In the absence of the identification of appellant by the witness Hodge, who had never seen appellant, according to his testimony, prior to the burglary, the state's case would have fallen. Appellant's testimony that he was in Comanche County at the home of Hindman, 120 miles from the scene of the burglary at the time of the transaction, being strongly corroborated by the testimony of several witnesses, it is our conclusion that the trial court was not warranted in holding that the absent testimony was not probably true. The fact that the evidence is cumulative where it is sought to establish an alibi is no reason for its exclusion. The greater the number of witnesses to the facts establishing an alibi, the stronger ordinarily would be the reliance upon and conviction of its truth. See Baimonte v. State, 276 S. W. 921, and authorities cited.

We have carefully examined the remainder of appellant's bills of exception and find that the matters complained of therein do not constitute reversible error.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.