M. C. BURNS v. THE STATE.

No. 11582. Delivered June 6, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

*McIntosh & Bragg* of Memphis, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for 2½ years.

Officers found a still in operation in Hall County in a canyon about 8 miles from the K. C. Filling Station and about 3 miles from the Tampico Filling Station. This still was discovered on the 15th of April, 1927. Prior to the arrest of appellant, the officers found two parties at the still, both of whom ran away. The officers pursued the parties, the evidence showing that they were not in sight

of said officers all of the time. Appellant was arrested about two miles from the still. The witnesses testified that they did not see appellant operating the still and did not know to whom the still belonged. It appears that appellant was not recognized by the witnesses until he had been arrested.

Appellant relied upon an alibi, and introduced witnesses who testified to having seen him more than two miles from the still shortly before the arrest was made. One witness for appellant testified that appellant left the K. C. Filling Station, which was about 8 miles from the still, on a truck with one Bill Sherman about 1:30 p. m. on the day the arrest was made. Another witness testified that he talked to appellant near the Tampico filling station, which was about three miles from the still, for about ten minutes, and that about ten or fifteen minutes after appellant left.him, he heard some shots fired. The evidence shows that appellant was arrested at about two o'clock, and that the officers had discovered the still previous to that time. In pursuing the parties they found in the vicinity of the still, the officers fired several shots. Appellant testified that two parties ran by him and told him the officers were after them; that he attempted to hide in order to protect himself from the fire of the officers; that upon reaching the point where he was hidden, the officers arrested him and carried him back to the still; that he had never been to the still, had had no knowledge of its whereabouts and had no interest in it.

When the case was called for trial appellant presented his first application for a continuance based on the absence of the witnesses Bill Sherman and his, appellant's, wife. The diligence exercised by appellant does not seem to have been questioned and appears to have been sufficient. We quote from the application as follows:

"That the facts which this defendant expects to prove by the said Bill Sherman, are as follows: That the said Bill Sherman, was at the K. C. Filling Station about eight miles from where the still was discovered by the officers was located on the 15th day of April, A. D. 1927, and that defendant rode on the truck with the said Bill Sherman, and that left defendant at Tampico, four miles from the still found by the officers about two o'clock P. M. (*and which was about thirty minutes prior to the time defendant was arrested.*)

"And the defendant further states that the testimony of his wife, Mrs. Burns, who has been duly subpoenaed as shown by the application, subpoena and returns hereto attached, is not able to appear and testify at the trial of this case at this time for the reason

that she is in delicate health as shown by the certificate of Dr. A. M. Shelton, hereto atached and made a part of this motion. Defendant further states that his wife, Mrs. M. C. Burns, or Carrie Burns, is now expected to be confined with childbirth at any time, and that his presence is needed at home very badly. "That the facts which this defendant expects to prove by the said Mrs. Carrie Burns is as follows: That the defendant was in and around his home at the K. C. Filling Station all the morning of April 15th, 1927, until one o'clock P. M. of the day of his arrest and could not have possibly reached the still by two o'clock P. M. of that day."

A review of the evidence leads us to the conclusion that the learned trial judge fell into error in refusing to grant the application for a continuance and in overruling the motion for a new trial. The absent testimony was material. The state's case depended largely upon the identification of appellant by the officers who arrested him. The officers do not appear to have been able to identify appellant until they arrested him about two miles from the still. Appellant explained his presence at the point where he was arrested, and offered testimony to show that he could not have been at the still at the time the officers claimed to have seen two parties in its vicinity. The testimony of Bill Sherman and the wife of appellant if believed by the jury might have resulted in an acquittal. The cumulative nature of testimony sought to establish an alibi is no reason for its exclusion. The greater the number of witnesses to the facts establishing an alibi, the stronger ordinarily would be the reliance upon, and conviction of, its truth. Richardson v. State, 299 S. W. 897; Baimonte v. State, 276 S. W. 921.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.