EDGAR HAYS v. THE STATE.

No. 14023.   Delivered March 18, 1931.

The opinion states the case.

*J. F. Cunningham* and *Martin, Shipman & Winters,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor, punishment being five years in the penitentiary.

Appellant lived in the City of Abilene, Taylor County, Texas. L. L. Hurley testified that in the latter part of March, 1930, he went to the home of appellant some time after dark to borrow from appellant a truck for the purpose of moving witness' household goods; that appellant said he had some whisky which he desired to have "re-run" and asked witness to go with him to the still; that they loaded five or six cases of whisky on the truck at appellant's house and drove to a still located in Callahan County; that C. T. Wright was in charge of the still; that the whisky was conveyed by appellant and witness to the still and other cases of whisky substituted for it which they took back to appellant's home in Abilene; that witness then took the truck away with him for the purpose of moving his household goods.

Mrs. Janie Wright, the wife of C. T. Wright, testified that she was present at appellant's house when Hurley came there, and gave evidence supporting Hurley's version of the transaction. When Mrs. Wright was tendered as a witness some question was raised as to her competency because her husband was under indictment; he was brought into court and waived any objection to his wife giving testimony. Appellant did not testify but used his wife as a witness. She testified that Hurley came to the house desiring to borrow appellant's truck, claiming he wanted it for the purpose of moving his household goods; that appellant at first refused to let him have it, claiming that Hurley and Wright had

been using the truck to haul whisky, and that he (appellant) did not want to get into trouble; that some angry words passed between them, but finally appellant let Hurley have the truck and that he drove it away; that appellant did not go with him, but remained at home all night; that Hurley returned the truck some time during the night. She testified that Jack Neel was present during the conversation between Hurley and appellant and that Neel spent the night at her house.

The record shows that the still was in Callahan County and was raided on this same night, which was March 24th. The officers found Wright at the still. It further shows that the still was located on land which had been leased to one George Roberson. The record also shows that Hurley was under indictment charged with transporting the identical liquor for the transportation of which appellant was convicted, and that Wright was under indictment growing out of his connection with the still.

The indictment against appellant contained two counts, the first charging transportation of intoxicating liquor and the second possession of such liquor for the purpose of sale. Only the first count was submitted to the jury. The offense was alleged to have occurred on or about the 24th day of March. Appellant filed an application for continuance because of the absence of a number of witnesses, among them being Jack Neel. The case was called for trial on the 18th day of June. The application avers that the indictment was returned near midnight of June 12th and that appellant was apprised of it on June 13th, on which date he made application to the clerk for process for his witnesses, including Neel; that the clerk issued the process and placed them in the hands of the proper officers but that the process had not been returned and that none of appellant's witnesses were present. It was set up in the application that the State would prove that there was found at the still two large tanks for holding mash which would be identified by one Wills as tanks which he had made for appellant; that he could prove by Neel that he saw appellant sell and deliver these tanks to one George Roberson. The following averments are also found in the application for continuance.

"That the State will likely prove by its witnesses, to-wit: Charlie Wright and one L. L. Hurley, or one or both of them, that said still, implements and intoxicating liquor and other matters and things charged in the indictment herein were owned and operated and transported by this defendant * * * and the State will further prove by the witnesses, C. T. Wright and L. L. Hurley, one or both of them, that said Hurley worked at the operation of the still found by the sheriff of Callahan County, and which it is alleged belonged to and was in the possession of defendant, and that said Hurley and said Wright were working for the defendant in the operation of said still and in making whisky there-

with, and that the said Hurley with the defendant transported some of said whisky so made from said still to Abilene, Texas, and from Abilene, Texas, to said still, and both of said witnesses will testify that said still and other equipment, including the two barrels similar to the ones made by witness Wills were owned by the defendant, and that they were working for defendant in the operation thereof, and in the use threof of said tanks for the manufacture of intoxicating liquor."

Continuance was denied and exception properly reserved by bill number one.

Other bills of exception show that after Hurley and Mrs. Wright had testified appellant stated to the court that he was surprised at their testimony; that in filing his application for continuance appellant had expected Hurley to testify to an entirely different transaction and transportation claimed to have occurred about a week prior to the time the still was raided, but had no knowledge that Hurley or Mrs. Wright would give testimony regarding any such transaction as claimed by them upon the trial. Appellant presented a written application to withdraw his announcement, claiming that the evidence given by the witnesses was not true either in whole or in part; that appellant had never talked with the witness Hurley and did not know his whereabouts since the time he came to appellant's house on the night in question to borrow the truck, but had ascertained from other sources what he understood Hurley would testify in regard to another transaction; that he undertook to learn from the district attorney whether he would use Hurley as a witness, but that the district attorney declined to say whether he would or not. Hurley was not under process as a witness in this case but was present in court in obedience to a bond in his own case. It is stated in the bill complaining of the court's refusal to permit appellant to withdraw his announcement that he again called the court's attention to the diligence used to secure the witness Neel and advised the court in said application that if Neel was present appellant could prove by him that Neel was at appellant's house at the time Hurley came there on the night the still was raided and heard the conversation between appellant and Hurley in regard to the loan of the truck, and would also testify that he (Neel) remained at appellant's house that night and saw Hurley leave the house alone in the truck; that appellant did not go with him but remained at home the entire night, and that some time during the night Hurley returned with the truck and waked Neel up parking the truck in the yard. Attached to the motion for new trial is Neel's affidavit in which he makes oath that if present he would have given the testimony indicated; that he had no knowledge that process had been issued for him. The State resisted appellant's motion for new trial based on the action of the court in overruling the original application for continuance and denying request to postpone or continue after trial had begun, on the

ground that it was shown by the application for continuance itself that appellant knew Hurley would be a witness, that Hurley resided in Abilene, the same town where appellant resided; that he and Mrs. Wright were present in the court when the case was called for trial, and that appellant and his attorney had opportunity to talk to the witnesses and were lacking in diligence in not ascertaining what the witnesses would testify.

Our State's attorney confesses error on the part of the learned trial judge in denying appellant's motion for new trial, citing in support of his conclusion Bascom v. State, 114 Texas Crim. Rep., 32, 24 S. W. (2d) 437; Baimonte v. State, 101 Texas Crim. Rep., 622, 276 S. W., 921; Adams v. State, 102 Texas Crim. Rep., 326, 277 S. W., 638; McGahee v. State, 102 Texas Crim. Rep., 399, 278 S. W., 208. The record presents such an unusual situation we have thought it appropriate to consider the question raised regardless of the State's confession of error.

The case presents a rather unusual situation. We have found none reported in which the question presented arose in a similar manner. The diligence of appellant to secure the witness Neel can not be doubted. Upon the trial the State's case must have taken a turn different from that anticipated by appellant as indicated in his application for continuance. No evidence was introduced with reference to the "mash tanks" or other implements found at the still, hence Neel's expected testimony as set out in the original application became immaterial; however, his presence became doubly important in view of the State's evidence as developed and of Neel's affidavit attached to the motion for new trial. Article 551, C. C. P., reads as follows:

"A continuance or postponement may be granted on the application of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial can not be had."

The State combatted the effort of appellant to postpone or continue after the trial had begun on the ground that "reasonable diligence" would have discovered what evidence Hurley and Mrs. Wright would give. This may be true, but it would have in nowise aided appellant in securing Neel's presence by whom he could have combatted their testimony and supported that of his wife. Of course, if appellant had ascertained in advance what Hurley and Mrs. Wright would testify it would have enabled him to set up in his application for continuance that he could meet it with Neel's evidence. After their testimony had been given if appellant had continued with the trial without then raising objection he could not on appeal urge that he was surprised in the absence of a request to postpone or continue. Knight v. State, 64 Texas Crim. Rep.,

541, 144 S. W., 967. It must be borne in mind that appellant had not announced "ready" but had been forced into trial after continuance was denied. In most, if not all, of the cases arising under Art. 551, C. C. P., accused has sought a continuance or postponement to secure witnesses for whom no diligence whatever had been used because their presence was not deemed necessary for any purpose, but whose testimony became material on account on some development during the trial.

As illustrative we cite Rankin v. State, 57 Texas Crim. Rep., 132, 122 S. W., 25; Hodde v. State, 8 Texas Crim. App., 382; Roach v. State, 21 Texas Crim. App., 249, 17 S. W., 464. The case last cited is nearer the fact than others to the present case. As soon as the State's witnesses Hurley and Mrs. Wright had given their evidence appellant immediately apprised the court that he had expected Hurley to testify to a different transaction, and that if the case was postponed or continued the witness Neel (to secure whom appellant had used diligence) would give testimony directly to the contrary of Hurley's. This was confirmed by the affidavit of Neel attached to the motion for new trial. While appellant may not have brought himself strictly within the statute permitting postponement or continuance after the trial has begun, yet we are of opinion that under the peculiar circumstances of this case appellant was entitled to a new trial. Hurley was an interested witness, being under indictment for the identical offense for which appellant was being tried and was properly treated as an accomplice witness by the court. Mrs. Wright was not a disinterested witness. Her husband was under indictment for complicity in the unlawful enterprise. Mrs. Hays was an interested witness, being appellant's wife. So far as the record discloses Neel was the only disinterested witness claimed to know anything about the particular transaction relied on by the State, and his testimony would have supported that of appellant's wife and made a complete defense to the State's case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*