JOHN HENRY THOMAS v. THE STATE.

No. 15966. Delivered May 31, 1933.
Reported in 60 S. W. (2d) 1038.

The opinion states the case.

*V. M. Johnston,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

Two men entered the place of business of Hugh Palmer between 8 and 9 o'clock at night, and, exhibiting a pistol, took from Palmer approximately $75.00 in money. The matter was immediately reported to the officers. According to Palmer's testimony, he knew that appellant was one of his assailants, but could not think of his name at the time. On the trial he positively identified appellant.

Appellant did not testify in his own behalf, but introduced witnesses who testified that he was at his home at the time the offense was committed. Other witnesses for appellant testified that the injured party stated to them that he could not identify his assailants. A witness who was at Palmer's store at the time the offense was committed said that he saw the two offenders, but was unable to identify either of them, as they were masked. The testimony of witnesses that appellant's general reputation

as a peaceable and law-abiding citizen was good was uncontroverted.

The indictment was returned December 10, 1932. On December 13 the case was set for trial for the 19th day of December. Appellant immediately filed his application for subpoenas for several witnesses. Several of the witnesses named in the application resided in Houston County. The subpoenas, although duly delivered to the sheriff of Houston County, were not served on the witnesses, and were not returned. When the case was called for trial on December 19th, appellant predicated his first application for a continuance upon the absence of said witnesses, and asked that an attachment be issued. The court overruled the application and declined to issue an attachment. In the application for a continuance it was averred that the witnesses would testify that they were at appellant's home on the night of the robbery; that appellant was sick and went to bed about 6 o'clock in the evening, where he remained until 10 o'clock, the time of his arrest. Appended to the motion for a new trial were affidavits of the witnesses showing that they would have given the testimony set forth in the application for a continuance. The state controverted the motion for a new trial, and attached the affidavits of the absent witnesses, in which it was stated that the witnesses went to bed between 8 and 9 o'clock on the night of the robbery and did not wake up until about 10 or 11 o'clock on the same night; and, further, that they did not know where appellant was after they went to bed; that they saw appellant again when the officers came between 10 and 11 o'clock to arrest him.

As to the time the offense was committed, the injured party said: "I don't know exactly what time of night it was when that first happened, but close to 9 o'clock, a little before 9, maybe 8:30 o'clock." Further, he said that when appellant exhibited a pistol he (appellant) reached up with his left hand and pulled a mask down over his face. He testified that he had known appellant for some time and got a glimpse of his face before he pulled the mask down. Appellant is a negro. The opinion is expressed that the controverting affidavits, when considered in the light of the testimony of the injured party as to the time the offense was committed, do not destroy the materiality of the absent testimony. The issue of guilt was closely contested. The state relied solely upon the identification of appellant by the injured party. Appellant was tried nine days after the return of the indictment. The diligence used was not questioned, and appears to have been sufficient. The testimony of the absent witnesses was material. Under the cir-

cumstances we are unable to reach the conclusion that the trial court was warranted in overruling the motion for a new trial. See Burns v. State, 8 S. W. (2d) 157.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.