OREN JACKSON v. THE STATE.

No. 18253. Delivered May 13, 1936.

338

The opinion states the case.

*Art Schlofman,* of Dalhart, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

On the 18th of August, 1935, the drugstore of W. S. Jones, which was situated in the town of Vega, Texas, was burglarized and a quantity of cigars, cigarettes and other property taken therefrom. Some of the property was recovered from the possession of Frank Matthews, who testified that appellant and "Sky" Barnett sold him said property shortly after the burglary was committed. The witness' version was that he did not know the property had been stolen. Appellant did not testify in his own behalf.

The indictment was returned September 4, 1935. As shown in his first application for a continuance, on the 5th of September, 1935, appellant made application for subpoenas for several named witnesses, returnable the 7th of September, 1935. The indictment was returned in the District Court of Oldham County, and the case had there been set for trial. On the 7th of September, 1935, the court entered an order changing the venue to Moore County. After the case was ordered transferrd to Moore County appellant, on the 10th of September, 1935, had subpoenas issued for said witnesses, returnable to the District Court of Moore County. These subpoenas were returned showing that said witnesses were not served due to the fact that they were absent from the counties where they resided. The case was called for trial September 19, 1935. In his first application for a continuance appellant alleged that said witnesses would testify that he was in Amarillo on the date the burglary was committed and was not in the town of Vega at any time on said date. Some of the witnesses would have testified that appellant's codefendant was in the town of

O'Donnell, Texas, at the time of the burglary. The affidavit of one of the witnesses was attached to the motion for new trial. It was stated therein that the witness was with appellant in the city of Amarillo on the occasion of the burglary. In short, the testimony of said witnesses would have raised the issue of alibi. That the testimony was material is obvious. Again, appellant appears to have used sufficient diligence to secure the attendance of the witnesses. In the light of the record, we are constrained to hold that the trial court fell into error in refusing to grant the application for a continuance and in overruling the motion for a new trial. See Richardson v. State, 299 S. W., 897.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.