ERNEST WALKER v. THE STATE.

No. 18706. Delivered January 20, 1937.

The opinion states the case.

*Reynolds & Heare* and *D. G. Reynolds*, all of Shamrock, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

According to the testimony of the State, the robbery occurred January 14, 1936, at 6 a. m. G. F. Geyer testified that on the date mentioned two masked men came into his place of business and took from his possession approximately three hundred dollars. He testified further that he had never seen appellant before. Touching the identification of appellant, he said: "It is my belief and I am convinced that he is the man. The extent of my testimony is that I believe he is the man and I still believe that he is the man and I base that testimony upon the simple fact of what I saw of him there at the time, not knowing that I had ever seen him before. * * * I just saw what I could see from his nose up to his hat and that is all that I saw. However, I saw plenty of his hair and he had dark hair." Pierce Henderson, a witness for the State, who was present at the time of the robbery, testified on direct examination, in part, as follows: "From my observation of the man that was in the office there that night, I would say that this defendant, Ernest Walker, was that man, also basing my opinion on having seen him around town and in the office that night. In my opinion he is the same man, based also on his eyes and the back of his head and his size." On cross-examination the witness said: "Intead of saying positively that he is the man I qualify my statement by saying that I believe he is the man, but to the best of my knowledge he is the man. I could be mistaken. Anyone could be mistaken and I could be mistaken myself as to either one of these parties. I don't know how you can be positive about some things, but I think this is the fellow in question." On redirect examination he testified: "I will say that he was the man in the office to my knowledge." On recross-examination he said: "I say to my knowledge he was the man —that is my belief about it. I still say that I could be mistaken or anybody could be mistaken; but I don't think I am mistaken about this." Appellant appears to have been arrested two or three days after the robbery. There was no proof that he had any money in his possession.

Appellant did not testify, and introduced no witnesses.

In his first application for continuance appellant stated that

he would prove by Ivan Johnson, if present, that he and appellant were continuously together at John F. Crowley's residence about a mile and a half from the scene of the alleged offense from about 12 o'clock on the night of January 13, 1936, to about 8 o'clock in the morning of the 14th of January, 1936, and that appellant was not present at the scene of the robbery at the time of the commission thereof. The witness had been duly served with a subpoena; and, when the case was called for trial, an attachment was issued for him but he could not be found. Attached to the application for continuance was the affidavit of I. M. Crenshaw, night chief of police of Shamrock. Said affidavit was to the effect that he saw appellant, Truman White, and the witness Ivan Johnson going in the direction of the John F. Crowley place about 12 o'clock the night before the robbery occurred. Also attached to the application was the affidavit of L. C. Allison, which was to the effect that the witness Ivan Johnson told him on the 11th of May, 1936, that he was temporarily out of work and was leaving the county to visit some relatives, but would return about June 1, 1936. There is nothing in the record to indicate that Johnson participated in the commission of the offense. The indictment charged appellant's co-conspirator to be Truman White. In the light of the evidence, the opinion is expressed that the trial judge fell into error in denying the application. The absent testimony was material; and it is reasonably probable that if it had been before the jury a verdict favorable to appellant would have resulted. See Richardson v. State, 299 S. W., 897.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined bv the judges of the Court of Criminal Appeals and approved by the Court.