## MRS. NELLE HARVEY (ALIAS MRS. THOMAS McNEAL) v. THE STATE.

No. 19013.   Delivered April 21, 1937.
Rehearing Denied October 13, 1937.

The opinion states the case.

*C. C. McDonald* and *J. Earle Kuntz,* both of Wichita Falls, for appellant.

*Pat Beadle,* District Attorney, of Clarksville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of passing a forged instrument, and her punishment was assessed at confinement in the state penitentiary for a term of two years.

It is charged in the indictment that on the 20th day of June, 1936, Mrs. Nelle Harvey, alias Mrs. Thomas McNeal in the County of Red River and State of Texas did then and there unlawfully, knowingly, and fraudulently pass as true to W. B. Washington a forged instrument in writing and then sets out the alleged forged instrument in full.

The record shows that when the case was called for trial appellant presented her first application for a continuance on account of the absence of L. E. Bowen, by whom she expected to prove and would have proved, if he had been present, that on the 20th day of June, 1936, the date of the alleged offense, she, the accused, was present during the entire afternoon of said day in the city of Wichita Falls, Texas, more than two hundred miles from the town of Clarksville in Red River County, Texas, where the alleged offense is charged to have been committed, that the witness was well acquainted with the appellant and had a light lunch with her between the hours of three and four P. M. on said day. The application was in due form and showed that the appellant had exercised due diligence in an effort to procure the attendance of said witness. The State's proof shows that about ten A. M. appellant was in the town of Clarksville, Texas; that she engaged an apartment at the Simmons House; that about five thirty or six P. M. she passed the alleged forged check to W. B. Washington. Hence it is obvious that appellant's identity as well as her presence in the town of Clarksville in Red River County on the 20th day of June, 1936, was the main contested issue. Therefore the absent testimony was very material to her and in our opinion the learned trial judge fell into error in declining to sustain the motion. In support of the views herein expressed we refer to the following authorities: Baimonte v. State, 101 Texas Crim. Rep., 622, 276 S. W., 921; McGahee v. State, 102 Texas Crim. Rep., 399, 278 S. W., 208; Sherwood v. State, 88 Texas Crim. Rep., 273.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

92

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing upon the proposition that we erred in reversing this case because of the refusal of a continuance sought because of the absence of witness Bowen. It was set up in the application that Mr. Bowen would testify that he had a lunch with appellant in Wichita Falls at about 3 o'clock P. M. on the very afternoon of the alleged crime, which occurred in Clarksville, Texas, in the afternoon of June 20th. We regard the diligence shown in the application as sufficient. The fact that the accused proved by other witnesses her presence in Wichita Falls during the afternoon of June 20th, would not operate to make the testimony of the absent witness cumulative, since the time of his lunch with her was at an hour not covered by the testimony of the other witnesses. Beside,—and if the absent testimony should be considered as cumulative,—when the defense is alibi, our authorities say that the rule upholding refusal of continuance when the testimony is cumulative, shall not be given strict application.

Not being able to agree with the State in her motion to set aside the judgment of reversal, the motion for rehearing will be overruled.

*Overruled.*